# LOUISVILLE AND NASHVILLE RAILROAD COM-PANY v. IDE.

## IN ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE · SOUTHERN DISTRICT OF NEW YORK.

Submitted December 22, 1884.—Decided March 23, 1885.

The filing of separate answers tendering separate issues for trial, by several defendants sued jointly in a State court, on a joint cause of action, does not divide the suit into separate controversies so as to make it removable into the Circuit Court of the United States under the last clause of § 2, act of March 3, 1875.

This was a writ of error for the review of an order of the Circuit Court remanding a case which had been removed from the Supreme Court of the State of New York under the act of March 3, 1875, ch. 137, 18 Stat. 470. The suit was brought by Ide, the defendant in error, a citizen of New York, against the Louisville and Nashville Railroad Company, a Kentucky corporation; the Lake Shore and Michigan Southern Railroad Company, and the Cleveland, Columbus and Cincinnati Railroad Company, Ohio corporations; the New York Central and Hudson River Railroad Company, a New York corporation, and the Boston and Albany Railroad Company, the Boston and Maine Railroad Company, and the Nashua and Worcester Railroad Company, Massachusetts corporations. The complaint alleged, in substance, that the defendants, being all common carriers, associated themselves together, under the name of the "White Line Central Transit Company," for the transportation jointly of goods from places on or near the Mississippi River to places on or near the Atlantic Coast, and among others from Columbus, Mississippi, to Dover and Manchester, New Hampshire; that while so associated together the defendants received at Columbus, Mississippi, from certain persons doing business there, several lots of cotton which, in consideration of certain freight to be paid, they agreed to transport and deliver to the Cocheco Manufacturing Company

at Dover, and the Amoskeag Manufacturing Company at Manchester, New Hampshire; that bills of lading were issued by the defendants whereby they acknowledged the receipt of the cotton to be transported over their line and delivered to the respective consignees thereof; that the defendants had failed to deliver the cotton, and that the plaintiff was the assignee of all claims against them on that account.

The Louisville and Nashville and the New York Central and Hudson River companies were served with process and appeared in the State court. The Louisville and Nashville company answered the complaint. In the answer it admitted the corporate existence of the several defendants, and that they were each and all common carriers. It denied that the defendants had associated themselves together, for the transportation of goods jointly, or that they held themselves out as common carriers engaged jointly in the business of such transportation, but it alleged that a number of corporations, among which were the defendants, entered into an agreement to carry on a fast freight line between cities in the eastern and western parts of the country, and fixing uniform rates of transportation and regulating the necessary incidents to such business, which business was to be done under the name of "The Central Transit Company," afterwards familiarly known as the "White Line," and called in the complaint the "White Line Central Transit Company." It then set out the provisions of the agreement between the several corporations for carrying on the line, showing the way in which the business was to be done, and the earnings and expenses divided, "and that each company should pay for any damage or loss occurring on its road, and if such damage could not be located, it should be pro rated between the companies forming the route over which the property would have passed to its destination in the same ratios as the freight moneys." It then averred "that when goods were delivered to any one of the said companies to be transported by said fast freight line, bills of lading therefor were to be issued in the name of The Central Transit Company, 'White Line,' by an agent of such Transit Company, who, in his representative capacity, acted separately for each, and

was not authorized to act for such companies jointly, and that in all such bills of lading so issued it was expressly stipulated and agreed that in case of any loss, detriment, or damage done to or sustained by the property therein receipted for, that company should alone be held answerable therefor in whose actual custody the same might be at the time of the happening thereof." It then denied that the cotton sued for was ever delivered to the line, or to either of the companies composing the same, for transportation, and averred that if any bills of lading were ever issued it was done by a person who had no authority for that purpose, either from the Louisville and Nashville Company, or any of the other defendants. It also averred that no loss had happened to the property while in its actual custody, and that Ide, who brought the suit, was not the real party in interest therein, but that the alleged assignment to him was without consideration, and made simply to vest the right of action in the plaintiff, who was a citizen of New York, and that the real parties' in interest were the Cocheco Company and the Amoskeag Company.

It also appeared from the statements in the petition for removal, that the New York Central and Hudson River Company filed a separate answer in the State court, but that answer had not been copied into the transcript. The Louisville and Nashville Company on filing its answer presented to the State court a petition for the removal of the suit to the Circuit Court of the United States for the Southern District of New York, which was the proper district, on the ground " that there is in said suit a controversy which is wholly between citizens of different States, namely, a controversy between the plaintiff, a citizen of the State of New York, and the defendant, the Louisville and Nashville Railroad Company, your petitioner, a citizen of the State of Kentucky, which can be fully determined as between them without the presence of any of the other persons or bodies corporate made parties to said suit." The Supreme Court of the State accepted the petition and ordered the removal of the suit, but the Circuit Court, when the case got there, remanded it. This writ of error was brought for a reversal of the last order.

*Mr. John L. Cadwalader* for plaintiff in error.

*Mr. Austen G. Fox* for defendant in error.

Mr. Chief Justice Waite delivered the opinion of the court. After stating the facts as above recited, he continued:

The petition for removal was filed under the last clause of § 2 of the act of 1875, 18 Stat. 471, which is as follows:

"And when in any suit . . . there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the plaintiffs or defendants, actually interested in such controversy, may remove said suit into the Circuit Court of the United States for the proper district."

As we have already said at this term in *Ayres* v. *Wiswall*, 112 U. S. 187, 192, " the rule is now well established that this clause in the section refers only to suits where there exists a separate and distinct cause of action, on which a separate and distinct suit might have been brought and complete relief afforded as to such cause of action, with all the parties on one side of that controversy citizens of different States from those on the other. To say the least, the case must be one capable of separation into parts, so that in one of the parts a controversy will be presented with citizens of one or more States on one side, and citizens of different States on the other, which can be fully determined without the presence of the other parties to the suit as it has been begun." *Hyde* v. *Ruble*, 104 U. S. 407; *Frazer* v. *Jennison*, 106 U. S. 191.

In the present case all the defendants are sued jointly and as joint contractors. There is more than one contract set out in the complaint, and there is therefore more than one cause of action embraced in the suit, but all the contracts are alleged to be joint and binding on all the defendants, jointly and in the same right. There is no pretence of a separate cause of action in favor of the plaintiff and against the Louisville and Nashville Company alone. The answer of the company treats the several causes of action alike and makes the same defence

to all. For the purposes of the present enquiry the case stands as it would if the complaint contained but a single cause of action. The claim of right to a removal is based entirely on the fact that the Louisville and Nashville Company, the petitioning defendant, has presented a separate defence to the joint action by filing a separate answer tendering separate issues for trial. This, it has been frequently decided, is not enough to introduce a separate controversy into the suit within the meaning of the statute. *Hyde* v. *Ruble*, supra; *Ayres* v. *Wiswall*, supra. Separate answers by the several defendants sued on joint causes of action may present different questions for determination, but they do not necessarily divide the suit into separate controversies. A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. *Smith* v. *Rines*, 2 Sumner, 348. A separate defence may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject matter of the controversy, and that is for all the purposes of the suit whatever the plaintiff declares it to be in his pleadings. Here it is certain joint contracts entered into by all the defendants for the transportation of property. On the one side of the controversy upon that cause of action is the plaintiff, and on the other all the defendants. The separate defences of the defendants relate only to their respective interests in the one controversy. The controversy is the case, and the case is not divisible.

It is said, however, that by the New York Code of Civil Procedure, § 1204, "judgment may be given for or against one or more plaintiffs, and for or against one or more defendants," and under this it has been held that when several are sued upon a joint contract, and it appears that only a portion are bound, the plaintiff may recover against those who are actually liable. The same rule undoubtedly prevails in many other States, but this does not make a joint contract several, nor divide a joint suit into separate parts. It may expedite judicial proceedings and save costs, but it does not change the form of the controversy, that is to say, the case. The plaintiff

can still sue to recover from all, though he may be able to succeed only as to a part.

The order remanding the case is *Affirmed.*

Mr. Justice Blatchford took no part in the decision of this case.