## VENNER v. NEW YORK CENTRAL R. CO.

(Circuit Court of Appeals, Sixth Circuit. November 6, 1923.)

No. 3806.

1. **Appeal and error ⊕⇒185(1)—Jurisdiction of trial court on removal petition decided by Circuit Court of Appeals, though not challenged.**

While the action of the court below on a motion to remand to a state court is not in that particular separately reviewable by the Circuit Court of Appeals, yet, even if not challenged, the jurisdiction of the court below on a removal petition is necessarily involved on appeal and must be decided.

2. **Removal of causes ⊕⇒19(1)—Circumstances stated under which case arises "under federal laws," justifying removal.**

A cause of action does not "arise under" federal laws, so as to justify removal, unless it arises out of and depends on those laws, so that plaintiff must show, both in stating and in proving his case, that his right to recover stands on federal laws; and otherwise, even though his complaint may disclose that the case will turn on and be ruled by some federal law under which defendant is claiming, federal jurisdiction will fail.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Arise—Arising.]

3. **Removal of causes ⊕⇒19(5)—Suit held not "arising under" federal laws, and remanded to state court.**

Where a suit was brought to enjoin a railroad from issuing equipment trust bonds, on the theory that a state charter of the railroad prohibited it from becoming guarantor for other corporations, and the proposed securities had not been authorized by the State Railroad Commission, and the only reference found in the petition to any federal law is the statement that the action sought to be enjoined was to be taken subject to approval of the securities by the Interstate Commerce Commission, *held* not to constitute a suit "arising under" federal laws, and hence should be remanded to the state court.

Appeal from the District Court of the United States for the Eastern Division of the Northern District of Ohio; D. C. Westenhaver, Judge.

Suit by Clarence H. Venner against the New York Central Railroad Company. From an order denying a preliminary injunction, plaintiff appeals. Reversed, and case remanded, with instructions that the trial court remand it to the state court.

Frederick A. Henry, of Cleveland, Ohio (Snyder, Henry, Thomsen, Ford & Seagrave, of Cleveland, Ohio, on the brief), for appellant.

S. H. West, of Cleveland, Ohio, for appellee.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. The appellant filed his petition in a state court, seeking an injunction against the New York Central Railroad Company to prevent it from issuing certain equipment trust bonds. The defendant removed the case to the court below upon the ground that it arose under federal laws. The District Court overruled a motion to remand and denied a preliminary injunction. This appeal is from the latter order.

[1] While the action of the court below upon the motion to remand is not in that particular separately reviewable by this court, yet it is

clear that, however the case gets here, the jurisdiction of the court below, based upon a removal petition, is involved, and must be decided, even if not challenged by either party. Supreme Council v. Hobart (C. C. A. 7) 244 Fed. 385, 157 C. C. A. 11.

[2] We consider it well settled that a cause of action does not arise under federal laws, so as to justify removal, unless the plaintiff's right, to enforce which the suit is brought, arises out of and depends upon those laws, so that both in stating and in proving his case he must show that his right to recover stands upon the federal law; and that, even though his complaint may disclose that the case will turn upon and be ruled by the construction and effect given to some federal law under which defendant is claiming, the federal jurisdiction will fail. Tennessee v. Union Bk., 152 U. S. 454, 459, 461, 14 Sup. Ct. 654, 38 L. Ed. 511; Arkansas v. Kansas Co., 183 U. S. 185, 193, 22 Sup. Ct. 47, 46 L. Ed. 144; Boston Co. v. Montana Co., 188 U. S. 632, 639, 23 Sup. Ct. 434, 47 L. Ed. 626; Louisville Co. v. Mottley, 211 U. S. 149, 152, 29 Sup. Ct. 42, 53 L. Ed. 126; In re Winn, 213 U. S. 458, 465, 29 Sup. Ct. 515, 53 L. Ed. 873; Denver v. Trust Co., 229 U. S. 123, 33 Sup. Ct. 657, 57 L. Ed. 1101; Taylor v. Anderson, 234 U. S. 74, 34 Sup. Ct. 724, 58 L. Ed. 1218.

Although the formula stated in Hopkins v. Walker, 244 U. S. 486, 489, 37 Sup. Ct. 711, 61 L. Ed. 1270, and First Nat. Bank v. Williams, 252 U. S. 504, 512, 40 Sup. Ct. 372, 64 L. Ed. 690, seems to emphasize the element that the result will "turn upon" the federal question, yet even this formula does not omit reference to the further essential element that the federal question must appear in plaintiff's statement of his own case, and not by his statement of an anticipated defense. We are not satisfied that there was in these last two cited cases any intent to change the rather strict definition, as it had earlier developed, of the words "arising under."

[3] Further, and in any event, it is the rule that to justify removal to the federal court the controlling federal question must appear directly and positively upon the complaint, and cannot be raised by vague inferences from its allegations, nor by judicial knowledge of what the finally controlling laws may be. Mountain View Co. v. McFadden, 180 U. S. 533, 21 Sup. Ct. 488, 45 L. Ed. 656; Shulthis v. McDougal, 225 U. S. 561, 569, 32 Sup. Ct. 704, 56 L. Ed. 1205.

Coming to apply these rules: The plaintiff's right to injunction was by his petition rested substantially, if not wholly, upon the theory that the Ohio charter of the defendant company forbade it to become a guarantor for other corporations, and that the challenged transaction involved this forbidden guaranty. The petition further alleged that the proposed securities had not been authorized by the Ohio Railroad Commission as the laws of Ohio required. Assuming that this latter allegation was intended to state another and separate ground of relief, still the petition discloses only rights based upon the laws of Ohio.