**DOWNER v. GRAHAM, State Treasurer of New Mexico, et al.**

Circuit Court of Appeals, Eighth Circuit.
September 10, 1927.

No. 7558.

**1. States ⬅191(1)—Private citizen cannot maintain suit against state to control disposition of lands granted by general government or rentals therefrom (Enabling Act N. M. § 10).**

The disposition of public lands of a state, granted to it by the United States, and of funds arising therefrom, rests solely in the good faith of the state, and a private citizen and taxpayer cannot maintain suit to control its action, which can only be questioned by the United States, in view of Enabling Act, N. M. § 10.

**2. Public lands ⬅62—Lands granted New Mexico by Enabling Act are not held in trust.**

Lands granted to the state of New Mexico by the Enabling Act are not held in trust, and funds arising from their rentals are not trust funds.

Appeal from the District Court of the United States for the District of New Mexico; Orie L. Phillips, Judge.

Suit in equity by George S. Downer against Warren Graham, Treasurer of the State of New Mexico, and others. Decree for defendants, and complainant appeals. Affirmed.

Downer & Keleher, of Albuquerque, N. M., for appellant.

Robert C. Dow, of Santa Fé, N. M., W. A. Gillenwater, of Clovis, N. M., and Summers Burkhart, of Albuquerque, N. M., for appellees.

Before STONE and VAN VALKENBURGH, Circuit Judges, and POLLOCK, District Judge.

POLLOCK, District Judge. This is a suit brought by a citizen of New Mexico against defendants, the state treasurer of the state, the auditor of the state, and the commissioner of public lands of the state, to enjoin said officials from placing in income or fund accounts of that state moneys or funds arising as rentals from lands granted the state by the general government under the terms of the Enabling Act admitting New Mexico into the Union as a state, and from using such moneys or funds directly and presently for the purposes specified in the grant; it being the insistence of the complainant to the suit the lands were by the government granted to the state in trust, and that rentals by the state received from said lands are trust funds, which under the terms of the grant the state should and must invest and preserve for the use of the state, and not expend presently, as it is averred they are now doing, for the purposes contemplated by the act and the uses of the state.

Defendants appeared to and answered the bill of complaint, and by the answer admitted all the material facts well pleaded in the bill. The case coming on for hearing on the bill and answer, a decree was entered, finding the issues in favor of defendants and dismissing the bill for want of equity. From this decision complainant below prosecutes this appeal. For convenience, the parties will be referred to as they stood on the record below.

[1, 2] A consideration of the record discloses there are many reasons why the decree below is right and must be affirmed:

(1) Complainant, as a private citizen of the state of New Mexico, and taxpayer, has no capacity to bring or maintain this suit to regulate and control the acts of defendants as public officials of the state in dealing with the public lands of the state passing to the state under the grant in question.

(2) Because the lands are not taken and held by the state in trust under the grant made to the state by the general government, and the funds arising from the rentals of such lands are not trust funds, and the manner of the disposition of such funds by defendants rests with the good faith of the state.

(3) If the conduct of the state in its dealings with the lands in question through its public officials is to be challenged at all, it must be done at the suit of the Attorney General of the United States, as provided in the act, and not at the suit of a private citizen and taxpayer of the state, no more affected by the actions challenged than any other citizen and taxpayer of the state.

All the above propositions, we take it, are abundantly supported by authority controlling here and by the provisions of the act. Section 10 of the Enabling Act, among other things, provides as follows:

"It shall be the duty of the Attorney General of the United States to prosecute in the name of the United States and its courts such proceedings at law or in equity as may from time to time be necessary and appropriate to enforce the provisions hereof relative to the application and disposition of the said lands and the products thereof and the funds derived therefrom."

In Mills County v. Railroad Companies, 107 U. S. 557, 2 S. Ct. 654, 27 L. Ed. 578, that great lawyer, Mr. Justice Bradley, in speaking of a grant of swamp and overflowed lands to the state of Iowa, under conditions similar to those held by the state of New Mexico in this case, said:

"Upon further consideration of the whole subject, we are convinced that the suggestion then made, that the application of the proceeds of these lands to the purposes of the grant rests upon the good faith of the state, and that the state may exercise its discretion as to the disposal of them, is the only correct view. It is a matter between two sovereign powers, and one which private parties cannot bring into discussion."

Again, Mr. Justice Field, in the California case of Hagar v. Reclamation District No. 108, 111 U. S. 701, 4 S. Ct. 663, 28 L. Ed. 569, said:

"The contention of counsel is that the state is bound to carry out this condition, and apply the proceeds to the reclamation, or provide for their application to that end, and that its legislation imposing an assessment upon other lands to raise the necessary funds for that purpose, is in violation of this contract, and therefore void. The answer to this position is twofold. In the first place, if a contract was created by the Arkansas act [9 Stat. 519], when the state accepted its benefits, it is for the United States to complain of the breach if there be any. The plaintiff is not a party to the contract, and is in no position to invoke its protection. But, in the second place, the appropriation of the proceeds rests solely in the good faith of the state. Its discretion in disposing of them is not controlled by that condition, as neither a contract nor a trust following the lands was thereby created. This was distinctly held after elaborate consideration in the recent case of Mills County v. Railroad Companies, 107 U. S. 557, 566 [2 S. Ct. 654, 27 L. Ed. 578]."

From the above cases the conclusion is reached a private citizen cannot call in question the action of the state through its officials in dealing with the proceeds of property granted to the state by the general government under the grant in question; but, on the contrary, the grant having been made by the general government in its sovereign capacity to the state, in the exercise of its sovereign capacity, the matter rests solely and alone in the good faith of the state, in so far as its citizens are concerned, and therefore the complainant in the bill has no capacity as a private citizen or taxpayer of the state to bring or maintain this suit to control the action of the state officials in dealing with the fund in question.

Therefore the order of dismissal of the bill of complaint made in the court below was proper, and must be affirmed.

STONE, Circuit Judge. I concur in the result reached in the above opinion on the ground stated therein that complainant has no capacity to bring or maintain this action.