## JONES v. REPUBLIC PRODUCTIONS, Inc., et al.

### No. 9320.

Circuit Court of Appeals, Ninth Circuit.

June 18, 1940.

Sherman & Sherman, Austin Sherman, Glenn M. Still, and W. B. Thomas, all of Los Angeles, Cal., for appellant.

Norman Newmark and Donald W. Hamblin, both of Los Angeles, Cal. (Loeb & Loeb and Flint & MacKay, all of Los Angeles, Cal., of counsel), for appellees.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

We are asked to review a judgment of dismissal on the merits of a suit brought by appellant to enjoin appellees from manufacturing, producing, selling or exhibiting a motion picture serial, and to recover damages.

Appellant brought this suit in a state court of California. It was based on the theory that appellees were producing and exhibiting a motion picture serial entitled "The Lone Ranger" in which appellees were pirating well-known actions, features and mannerisms of appellant, and his horse "Silver". In view of our conclusion it is unnecessary to state the allegations regarding the pirating. Appellant alleged that appellees "have and now are producing" the motion picture serial; that appellees "and each and all of them, have planned and conspired together to sell and exhibit throughout the world said motion picture serial known as 'The Lone Ranger' as an imitation of and with the idea of leading the public to believe that said production is a production of plaintiff and his horse 'Silver' * * *." It was further alleged that appellees "and each of them, plan and intend to and will unless restrained by this Court, continue their said false and fraudulent scheme and plan, and will cause said motion picture * * * to be exhibited and displayed in the manner and style in which it is now being produced and exhibited * * *." There were other allegations of the same tenor.

Appellee Republic Productions, Inc., is a New York corporation, and Republic Pictures Corporation is a California corporation. Upon the petition of the New York corporation, the cause was removed to the court below. Such petition alleged that the New York corporation had been and was then engaging in the production of motion pictures, and had been and was then producing the serial in question; that the California corporation was engaged solely in the distribution of motion pictures to theatres and was not and had not been engaged in producing such pictures; that the California corporation did not have any connection with the New York corporation "of any kind or nature" except that the former was distributing the serial in question to certain theatres; and that because of such facts, a separable controversy existed between appellant and the New York corporation.

Appellant moved to remand the cause to the state court. The court denied the motion, apparently concluding that since the New York corporation was engaged in production only, the controversy between it and appellant was separable. At the conclusion of appellant's evidence, appellees moved for a dismissal on the merits, on the ground that appellant's evidence disclosed no right to relief. The court below granted the motion, dismissed the suit, hence this appeal.

The first question presented arises from appellant's contention that the motion to remand the cause to the state court was erroneously denied.

The basis for a suit of this character finds support in the law of California. In Chaplin v. Amador, 93 Cal.App. 358, 362, 269 P. 544, 546, Charlie Chaplin brought suit to restrain the defendants in the suit from exhibiting a picture in which Amador imitated Chaplin's distinct mannerisms and was billed as "Charlie Aplin". In preventing such a fraudulent effort, the court said:

" * * * The case of plaintiff does not depend on his right to the exclusive use of the role, garb, and mannerisms, etc.; it is based upon fraud and deception. The right of action in such a case arises from the fraudulent purpose and conduct of appellant and injury caused to the plaintiff thereby, and the deception to the public, and it exists independently of the law regulating trade-marks, or of the ownership of such trade-marks or trade-names by plaintiff. It is plaintiff's right to be protected against those who would injure him by fraudulent means—that is, by counterfeiting his role—or, in other words, plaintiff has the right to be protected against 'unfair competition in business.'"

With such statement in mind the immediate question is not hard to solve.

The complaint charges that appellees were producing the serial in question, but the production is only one step in the entire plan. The thing complained of is the sale and exhibit of the serial. The mere production, while necessary before the serial could be exhibited, is not the basis of the suit. The real foundation of the suit is that appellees conspired to sell and exhibit the picture, thus committing a fraud on appellant and the public because, as is alleged, appellees were attempting to lead the public to believe that the character "The Lone Ranger" and his horse "Silver" were the appellant and his horse, or in other words, because of the well-known mannerisms of appellant and his horse, the imitation thereof by appellees in the serial, would lead the public to believe that the characters were in fact the appellant and his horse. Appellant is

not complaining of the production alone, for if not sold and exhibited to the public, of course, the public could not be deceived.

As thus construed, it is easily seen that appellees were alleged to be joint tort-feasors. In this connection, it has long been the rule, as stated in Louisville, etc., Railroad Co. v. Ide, 114 U.S. 52, 56, 5 S.Ct. 735, 737, 29 L.Ed. 63:

"A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. * * * A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings. * * *"

As a joint cause of action was alleged, appellees could not remove the cause to the court below, since appellant and appellee Republic Pictures Corporation were residents of the same state, unless the contention of appellees, next discussed, is sound.

Appellees contend that the petition for removal states facts showing that appellees were fraudulently joined to defeat federal jurisdiction. While it is true that such a fraudulent joinder will not prevent removal (Pullman Co. v. Jenkins, 305 U.S. 534, 541, 59 S.Ct. 347, 83 L.Ed. 334), the question here is whether facts showing such a fraudulent joinder have been stated in the petition for removal.

All the petition states is that the New York corporation was producing the serial, and that the California corporation was engaged solely in distributing pictures produced by the New York corporation. Manifestly such allegations do not show a fraudulent joinder. The fact that the New York corporation produced the picture does not show that it was not a party to the conspiracy to sell and exhibit the picture. It is in much the same position as a conspiracy to rob a bank. In such case where one of the conspirators merely operates a "get-away" car, he is nevertheless a member of the conspiracy, notwithstanding the fact that he did not actually take the money from the bank. In the instant case, it was necessary to produce the picture before it could be sold or exhibited. The production was merely a step in the accomplishment of the conspiracy, and the fact that only the New York corporation produced the pic-ture, does not show that it did not conspire to exhibit such picture. Thus, the petition wholly fails to show a fraudulent joinder of parties, and the cause should have been remanded to the state court.

The judgment is reversed, and the cause is remanded to the court below, with directions to remand the cause to the state court.