**CHEYNE et al. v. ATCHISON, T. & S. F. RY. CO. et al.**

No. 9818.

Circuit Court of Appeals, Ninth Circuit.

Jan. 22, 1942.

Rehearing Denied Feb. 21, 1942.

Tudor Gairdner, of Los Angeles, Cal., for appellants.

Robert Brennan, Leo E. Sievert, and H. K. Lockwood, all of Los Angeles, Cal., for appellee.

Before DENMAN, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellants, Beryl Lucille Cheyne, James Vernon Cheyne II[1] and Ethel Elizabeth Cheyne (hereafter called plaintiffs), brought this suit against appellees, Atchison, Topeka & Santa Fe Railway Company, Ray O. Light, Earl C. Nichols and George Kohlhaas (hereafter called defendants), for damages in the sum of $225,500 for the death of James Vernon Cheyne,[2] alleged to have been caused by defendants' negligence. The suit was brought in the Superior Court of Orange County, California, but, on petition of defendant Atchison, Topeka & Santa Fe Railway Company (hereafter called Atchison), was removed from that court to the District Court of the United States for the Southern District of California. Trial in the District Court resulted in a verdict and judgment that plaintiffs recover $12,500 of defendant Atchison and recover nothing of the other defendants. On motion of defendant Atchison, the judgment against it was set aside and judgment was entered in its favor. Plaintiffs have appealed.

---

[1] A minor, suing by his guardian ad litem, Beryl Lucille Cheyne.

[2] James Vernon Cheyne was the husband of Beryl Lucille Cheyne, the father of John Vernon Cheyne II and the son of Ethel Elizabeth Cheyne.

■ The question is whether defendant Atchison was entitled to remove the case to the District Court. Though not raised by the parties, the question is here and has to be decided. Chicago, Burlington & Quincy Ry. Co. v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521; Venner v. New York Central R. Co., 6 Cir., 293 F. 373. See, also, Southern Pacific Co. v. McAdoo, 9 Cir., 82 F.2d 121; Electro Therapy Products Corp. v. Strong, 9 Cir., 84 F.2d 766; Gavica v. Donaugh, 9 Cir., 93 F.2d 173; Minnis v. Southern Pacific Co., 9 Cir., 98 F.2d 913; Alexander v. Westgate-Greenland Oil Co., 9 Cir., 111 F.2d 769.

By § 24(1) of the Judicial Code, 28 U.S. C.A. § 41(1), district courts of the United States are given jurisdiction of "all suits of a civil nature, at common law or in equity * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States." Section 28 of the Judicial Code, 28 U.S.C. A. § 71, provides for removal, from State courts to district courts of the United States, of suits "arising under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority," and provides that "Any other suit of a civil nature, at law or in equity, of which the district courts of the United States are given jurisdiction, in any State court, may be removed into the district court of the United States for the proper district by the defendant or defendants therein, being nonresidents of that State. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district."

■ This is a suit of a civil nature, at common law, and the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, but it does not arise under the Constitution or laws of the United States or any treaty, nor is it wholly between citizens of different States; for, although plaintiffs and Atchison are citizens of different States,[3] plaintiffs and Light, Nichols and Kohlhaas are citizens of the same State.[4] Removal was obtained and is sought to be justified on the ground that, in the suit, there is a controversy which is wholly between plaintiffs and Atchison, and which can be fully determined as between them—in other words, a separable controversy. Whether or not there is such a controversy is the question we have now to determine.

The complaint[5] alleges that at all times mentioned therein Atchison was a common carrier and, as such carrier, maintained a railroad and railroad tracks called the Venta spur, which crossed Highway 101 at a point near Tustin, California; that said highway was daily and continuously used by the public in traveling by automobile between Santa Ana, California, and San Diego, California; that, in so using said highway, it was necessary to cross said spur at the crossing above mentioned; that said highway was bounded on the southerly side by a row of eucalyptus trees which extended along said highway for a distance of approximately one-fourth of a mile to the east and to the west of said crossing and obscured the view by persons using said highway of trains traveling upon said spur; that, consequently, said crossing was a dangerous one; and that all these facts were known to defendants (Atchison, Light, Nichols and Kohlhaas).

The complaint further alleges that on December 2, 1938, at about 6:50 P. M., James Vernon Cheyne was driving an automobile truck in a westerly direction upon said highway and toward said crossing; that defendants[6] were, at the same time, operating and propelling a freight train upon said spur and toward said crossing; that said train was in the charge and under the control of Light, Nichols and Kohlhaas; and that Light, Nichols and Kohlhaas were agents,

---

[3] Plaintiffs are citizens of California. Defendant Atchison is a Kansas corporation and, therefore, a citizen and resident of Kansas.

[4] The record on appeal does not disclose the citizenship of Light, Nichols and Kohlhaas, but it was conceded at the argument that they are citizens of California.

[5] The complaint is in three counts. All pertinent allegations of count 1 are referred to and, by reference, repleaded in counts 2 and 3.

[6] The word "defendants" wherever used in this opinion, means all the defendants—Atchison, Light, Nichols and Kohlhaas.

servants and employees of Atchison, then and there acting within the scope of their employment, Light as conductor, Nichols as engineer and Kohlhaas as brakeman of said train. These allegations are found in paragraphs 8, 10, 12, 13 and 14 of the complaint.

Paragraph 14 further alleges that, in operating said train, "defendants negligently, carelessly and unlawfully failed and neglected to give or make any proper sign or warning, or any sign or warning whatsoever of the approach of said train to said highway and so negligently failed to warn persons traveling upon said highway, including the aforementioned, James Vernon Cheyne, of the approach of said freight train"; that "defendants * * * negligently, carelessly and unlawfully failed at said time and place to maintain at said crossing any gates, flagmen, electric bells, alarms, lights or wigwag"; that "defendants negligently, carelessly and unlawfully maintained near said crossing, on the opposite side of the highway from that upon which the aforesaid James Vernon Cheyne was traveling * * * a wooden crossing sign which was negligently permitted by defendants to become weatherbeaten and paint thereon to become so worn as not to be capable of easy or normal recognition by those traveling upon said highway"; and that "defendants negligently, carelessly and unlawfully operated, caused to be operated and permitted to be operated the aforesaid freight train without lighted headlights or other lights upon said freight train."

Paragraph 15 alleges: "By reason of the aforesaid negligence, carelessness and unlawfulness of defendants, the automobile being operated by the aforesaid James Vernon Cheyne was struck by the aforesaid freight train, causing said James Vernon Cheyne to die at said time and place."

Paragraph 16 alleges: "Defendants negligently, carelessly and unlawfully failed to maintain a lookout on the aforesaid freight train, which lookout would have enabled the trainmen operating said train to have avoided said accident; that the automobile being propelled by the aforesaid James Vernon Cheyne * * * came in view of the trainmen operating the aforesaid freight train within ample time to enable said trainmen to cause said freight train to stop and to avoid said accident, but notwithstanding same, defendants failed and neglected to avoid said accident."

Paragraph 18 and subsequent paragraphs of the complaint allege that plaintiffs have suffered damages "as a direct result of and by reason of the negligence, carelessness and unlawfulness of defendants in the operation of the freight train as aforesaid," and that Beryl Lucille Cheyne has suffered special damages "as a direct result of and by reason of the aforesaid negligence of defendants."

No other negligence is mentioned in the complaint. All negligence charged is alleged to be the negligence of defendants (Atchison, Light, Nichols and Kohlhaas). There is no separate charge against Atchison.

Atchison says we should take judicial notice that the train crew (Light, Nichols and Kohlhaas) were under no duty to maintain any gate, flagman, electric bell, alarm, wigwag, light or sign at the crossing; that this duty, if any such existed, rested on Atchison. Therefore, it is said, the allegation that defendants were negligent in failing to maintain these devices should be deemed an allegation that Atchison alone was negligent in this regard. Even so, the complaint shows no separable controversy; for the negligence thus deemed to have been charged against Atchison is not alleged to have caused the injury complained of. Instead, that injury is alleged to have been caused by the "aforesaid" negligence of defendants.

■ The "aforesaid" negligence of defendants was not merely the failure to maintain a gate, flagman, electric bell, alarm, light or sign at the crossing. It was that failure, plus the failure of the train crew to give proper warning of the approach of the train, display a lighted headlight or other train lights, maintain a lookout or stop the train in time to avoid the accident. Thus the "aforesaid" negligence of defendants was the combination of Atchison's negligence and the negligence of Light, Nichols and Kohlhaas—in other words, the concurrent negligence of all the defendants. It is immaterial that plaintiffs, in their complaint, do not characterize defendants' negligence as "concurrent." Such a characterization would merely express a conclusion of the pleader and is therefore unnecessary.

■ It follows that there was and is here no separable controversy; that Atchison was not entitled to remove the case; and that the District Court acquired no jurisdiction thereof. Chesapeake & Ohio Ry.

52

Co. v. Dixon, 179 U.S. 131, 135-140, 12 S. Ct. 67, 45 L.Ed. 121; Alabama Great Southern Ry. Co. v. Thompson, 200 U.S. 206, 212-220, 26 S.Ct. 161, 50 L.Ed. 441, 4 Ann.Cas. 1147; Chicago, Rock Island & Pacific Ry. Co. v. Dowell, 229 U.S. 102, 109-114, 33 S. Ct. 684, 57 L.Ed. 1090; Hay v. May Department Stores Co., 271 U.S. 318, 46 S.Ct. 498, 70 L.Ed. 965; Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334; Dollar Steamship Lines v. Merz, 9 Cir., 68 F.2d 594; Kataoka v. May Department Stores Co., 9 Cir., 115 F.2d 521; Atchison, T. & S. F. Ry. Co. v. Francom, 9 Cir., 118 F.2d 712.

Judgment reversed and case remanded to the District Court, with directions to remand it to the Superior Court of Orange County, California.