GREIF v. SEARS, ROEBUCK & CO. et al.

No. 1518.

District Court, D. Idaho,
Central Division.

Jan. 21, 1943.

Cox, Ware & Stellmon, of Lewiston, Idaho, for plaintiff.

Durham & Hyatt, of Lewiston, Idaho, for defendant, Sears, Roebuck & Co.

Earle W. Morgan, of Lewiston, Idaho, for defendant Falk Mercantile Co., Ltd.

SCHWELLENBACH, District Judge.

This action was commenced in the district court of the State of Idaho. The defendant Sears, Roebuck and Co. (hereafter referred to as Sears) removed it to this court. Plaintiff now seeks to have it remanded back to the state court. Plaintiff is a resident of the State of Idaho. Sears is a corporation created under the laws of a state other than Idaho. Defendant Falk Mercantile Company, Ltd., is an Idaho corporation. The plaintiff alleges that his business is that of the promotion and sale of musical instruments in the States of Idaho, Washington and Oregon. He alleges that he sells such instruments under the trade mark or name of "Crusader," and that through his promotion, advertising and sales efforts he had acquired the exclusive right to the use of such name in the three Pacific Northwest states. He further alleges that the defendants have attempted to and are now attempting to pre-empt his right to the use of such trade name in the three Pacific Northwest states. He further alleges that the defendants have attempted to and are now attempting to pre-empt his right to the use of such trade name in the three states by advertising and sale of musical instruments inferior in quality to his through the use of his trade name "Crusader." He asserts that he has been damaged in the amount of $25,000 and seeks to recover that sum from the defendants and also seeks to enjoin the defendants and their agents, servants and employees from advertising, offering for sale or selling musical instruments in what he describes as his trade territory under the name "Crusader."

Sears resists the motion to remand contending that it has a separable controversy with the plaintiff to the proper adjudication of which the defendant Falk Mercantile Company is not a necessary or indispensable party. The applicable statute,

Tit. 28 U.S.C.A. § 71, provides: "* * * And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the district court of the United States for the proper district. * * *"

The legal questions involved in a decision on this motion must be approached with an appreciation of the extremely restricted jurisdiction of this court. "Not only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation. The power reserved to the states under the Constitution to provide for the determination of controversies in their courts, may be restricted only by the action of Congress in conformity to the Judiciary Articles of the Constitution." Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 872, 85 L.Ed. 1214. The question is to be determined by the plaintiff's pleading and where, in the absence of clear proof of bad faith in the joinder, concurrent acts are alleged on the part of the defendants, a separable controversy is not presented and the fact that the defendants might have been sued separately affords no ground for removal. Pullman Company v. Jenkins, 305 U.S. 534, 59 S. Ct. 347, 353, 83 L.Ed. 334. The rationale of the federal policy of strictly construing its jurisdictional limits is succinctly stated by Mr. Justice Black in his concurring opinion in Pullman Company v. Jenkins, supra, as follows: "The constitutional division of powers between the States and the National government makes it necessary that the jurisdictional policy declared by Congress be scrupulously observed. This is especially so in view of the fact that after removal of a cause from a State court by reason of diversity of citizenship, the Federal court must proceed under State law and practice. Questions of State constitutional, statutory and general law which have not been clearly and finally determined by the State's highest court may arise in the Federal court. The State court need not thereafter, in other litigation, follow the Federal court's decision on such questions. However, cases for which Congress has not authorized removal from a State court can be appealed to the State's highest judicial tribunal, thus giving each litigant a final determination of his rights under State laws by the body vested with final authority to interpret those laws." See, also, Healy v. Ratta, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248; Kline v. Burke Construction Co., 260 U.S. 226, 43 S.Ct. 79, 67 L. Ed. 226, 24 A.L.R. 1077; Matthews v. Rodgers, 284 U.S. 521, 52 S.Ct. 217, 76 L. Ed. 447.

In the absence of actual fraud, there is no federal jurisdiction if a joint cause of action is stated and the complaint by any reasonable construction shows that the joinder was properly made. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 134. If a joint cause of action is stated, the motive for joinder is immaterial even if it is to prevent removal and oust the federal court from jurisdiction. Chicago, Burlington & Quincy Railway Company v. Willard, 220 U.S. 413, 31 S.Ct. 460, 55 L.Ed. 521; Illinois Central Railroad Company v. Sheegog, 215 U.S. 308, 30 S.Ct. 101, 54 L.Ed. 208. If the state law permits the assertion of a joint liability, there is an "absolute right to enforce it" whatever reason motivating the assertion of the right. Chicago, Rock Island & Pacific Railway Company v. Schwyhart, 227 U.S. 184, 33 S.Ct. 250, 251, 57 L.Ed. 473. The mere fact that the cause of action may involve separate acts does not create a separable controversy. It is not the group of acts alleged in the complaint but the result and the legal wrong, the existence of which they show, that creates the right of action. Baltimore Steamship Company v. Phillips, 274 U.S. 316, 47 S.Ct. 600, 71 L.Ed. 1069. The fact that each defendant may have a separate defense does not create a separate controversy as to him. Rosenthal v. Coates, 148 U.S. 142, 13 S. Ct. 576, 37 L.Ed. 399. In order to be separable, the complaint must set forth two or more causes of action, one of which is wholly between citizens of different states. City of St. Anthony v. Mason, D.C., 22 F.2d 306. The Circuit Court of Appeals for the Ninth Circuit has emphasized the principle that the right of removal depends on the case disclosed by the pleadings when the petition for removal is filed. Von Herberg v. City of Seattle, 27 F.2d 457, 459. See, also, Kataoka v. May Department Stores Co., 9 Cir., 115

F.2d 521; Atchison, T. & S. F. Ry. Co. v. Francom, 9 Cir., 118 F.2d 712.

In the light of the foregoing rules, it is necessary only to examine two paragraphs of plaintiff's complaint to ascertain that this court has no jurisdiction in this case. In paragraph two, plaintiff alleges: "That at all times herein mentioned the defendant, Falk Mercantile Company, was and is an agent and employee of said defendant, Sears Roebuck and Co., and at all times herein mentioned and during the occurrence of all acts, things and events herein alleged, was in the employ and service of said defendant, Sears, Roebuck and Co., and was at and during all of said times acting within the scope of its employment as such."

In paragraph six, plaintiff alleges the following: "That notwithstanding the prior, exclusive, long and quiet use and enjoyment by this plaintiff of said trade mark or name within said trade territory, the *defendant* did, in the year 1940, wrongfully and unlawfully and in utter disregard of the rights of this plaintiff, advertise, offer for sale and sell, and *do* still advertise, offer for sale, and sell in the City of Lewiston, Nez Perce County, Idaho, and elsewhere within and throughout plaintiff's trade territory in the states of Idaho, Washington, and Oregon, musical instruments under said trade mark or name of 'Crusader'; that the instruments sold by the defendants were made with inferior materials and workmanship, but they were made to appear externally identical with the instruments sold and popularized by the plaintiff and that the public was thereby deceived; that the advertising of said defendants is similar to that of plaintiff's but the merchandise sold, prepared and offered for sale by said defendant is of inferior quality and offered for sale at a much lower price than plaintiff's merchandise, * * *."

Sears places considerable reliance upon the use of the word "defendant" early in the allegation. Plaintiff asserts that the omission of an "s" was purely a typographical error. I am forced to accept this statement in view of the use of the word *do* in the phrase "do still advertise, offer for sale and sell in the City of Lewiston, Nez Perce County, Idaho and elsewhere within and throughout plaintiff's trade territory in the states of Idaho, Washington and Oregon" and the use of the plural elsewhere in the paragraph.

With this correction, these allegations clearly constitute assertion of joint action by the joint defendants. Since the plaintiff has thus alleged, I must accept such allegations as controlling in this case. Sears contends that the omission of such words as "through concerted action, through a conspiracy, or jointly" defeats plaintiff's purpose in making the allegations joint. This argument is not availing in this circuit since the decision in Cheyne v. Atchison, T. & S. F. Ry. Co., 9 Cir., 125 F.2d 49, 51. There the court disposed of this contention with the following language: "It is immaterial that plaintiffs, in their complaint, do not characterize defendant's negligence as 'concurrent.' Such a characterization would merely express a conclusion of the pleader and is therefore unnecessary." Sears argues that the trial of the case will reveal that plaintiff's proof as to defendant Falk Mercantile Company is limited to the State of Idaho. Unless the pleadings thus limit the plaintiff, I have no right to assume what the proof will be. It is claimed that the pleadings do so limit the proof because they do not allege that the defendant Falk Mercantile Company is qualified to do business in the states of Oregon and Washington. Such an argument might be persuasive were it not for the fact that the plaintiff does not attempt to allege as to the corporate qualification of Sears in those two states.

Sears further argues that an action involving trade mark infringement is bottomed upon the law of unfair competition which, in turn, is analogous to the law of libel. Sears asserts that in libel each publication of libelous matter constitutes a separate tort. It concludes therefrom that, since each tort is separate, therefore a separable controversy is involved in each claim of tort. In support thereof, it relies upon the case of Jennings v. Southern Railway Co., 156 S.C. 92, 152 S.E. 821. An examination of that case discloses that the claimed tort of the Railway Company would have been construed to have been separate and distinct regardless of the nature of the action. Two separate and distinct causes of action were alleged by plaintiff. There was nothing in that case which in any way contradicted the recognition of the general principle of the necessity of having a separable controversy to support removal in libel actions. See Creagh v. Equitable Life Assur. Soc., C.

C., 88 F. 1; Dow v. Bradstreet Co., C.C., 46 F. 824; Lynes v. Standard Oil Co., D. C., 300 F. 812; Gulf Refining Co. v. Morgan, 4 Cir., 61 F.2d 80; Thompson v. Standard Oil Co., 4 Cir., 67 F.2d 644. Complete answer to defendant's position in this regard is found in the cases of Starin v. New York, 115 U.S. 248, 259, 6 S.Ct. 28, 29 L.Ed. 388, and Jones v. Republic Productions, 9 Cir., 112 F.2d 672, 673. In the latter case, an action was brought to enjoin the defendants from exhibiting a motion picture serial entitled "The Lone Ranger" in which it was alleged that the defendants were pirating well-known actions, features and mannerisms of the plaintiff and his horse "Silver." While in the pleadings in that case the plaintiff used the words "planned and conspired together," the facts in that case so parallel the facts alleged in this complaint that, when the decision is read in conjunction with Cheyne v. Atchison, T. & S. F. Ry. Co., supra, it is controlling in the case at bar.

■ The argument of Sears concerning the necessity for an "indispensable party" completely overlooks the use of the coordinate conjunction "and" in the statute. 28 U.S.C.A. § 71, "* * * there shall be a controversy which is wholly between citizens of different States, and which can be fully determined as between them, * * *". When the cause of action involves any controversy which is not separable under the standards laid down in the cases I have heretofore cited, the plaintiff has a right to join any proper party so long as such joinder does not result from fraudulent bad faith upon the plaintiff's part. In its brief, Sears admits the good faith of the plaintiff and admits that the defendant Falk Mercantile Company is a proper party. Consequently, as the Supreme Court said in Louisville & Nashville Railroad Co. v. Ide, 114 U.S. 52, 5 S.Ct. 735, 737, 29 L.Ed. 63: "A defendant has no right to say that an action shall be several which a plaintiff elects to make joint. * * * A separate defense may defeat a joint recovery, but it cannot deprive a plaintiff of his right to prosecute his own suit to final determination in his own way. The cause of action is the subject-matter of the controversy, and that is, for all the purposes of the suit, whatever the plaintiff declares it to be in his pleadings."

The motion to remand is granted.