**JONES v. BRUSH, State Treasurer, et al.**
**No. 10560.**

Circuit Court of Appeals, Ninth Circuit.
July 6, 1944.

Wood, Hoffman, King & Dawson and David M. Wood, all of New York City, and Gust, Rosenfeld, Divelbess, Robinette & Coolidge and J. L. Gust, all of Phoenix, Ariz., for appellant.

Joe Conway, Atty. Gen., and Earl Anderson, Chief Asst. Atty. Gen. of Arizona, for appellees who are state officials.

James A. Walsh, Co. Atty., and Leslie C. Hardy, Sp. Counsel, both of Phoenix, Ariz., and Orrick, Dahlquist, Neff & Herrington, of San Francisco, Cal., for appellees Maricopa County and the officials of Maricopa County.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, E. J. Jones, a citizen, resident and taxpayer of the State of Arizona, brought an action against appellees in the District Court of the United States for the District of Arizona. Appellees are Jim Brush, State Treasurer, Sidney P. Osborn, Governor, and Dan E. Garvey, Secretary of State of the State of Arizona; Maricopa County, Arizona; and John A. Foote, Ed Oglesby and Phil Isley, constituting the Board of Supervisors of Maricopa County. After answering the complaint, appellees moved for and obtained a summary judgment in their favor. From that judgment this appeal is prosecuted.

The question for decision is whether the District Court had jurisdiction over the subject matter of the action. The question was not properly raised by appellees. Instead of raising it by their answer or by a motion to dismiss the action, as provided for in Rule 12 of the Federal Rules of Civil Procedure,[1] 28 U.S.C.A. following section 723c, appellees moved for a summary judgment in their favor.[2] That, obviously, was not a proper way to raise the question of the court's jurisdiction; but, whether properly raised or not, the question is here and must be decided.[3]

The court's jurisdiction was invoked on the ground that the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000 and arose under the Constitution and laws of the United States.[4] No other ground of jurisdiction was asserted. To determine whether the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000 and arose under the Constitution and laws of the United States, we must first determine what the matter in controversy was. To determine that, we examine the complaint.

The complaint stated, in substance and effect, that on April 16, 1943, the date on which this action was brought, the State of Arizona held $56,000 of bonds issued by Maricopa County; that the bonds were purchased with money belonging to and constituting part of the State's permanent common school fund,[5] a fund consisting, in part, of the proceeds of lands granted to the State by the Enabling Act;[6] that Brush, as State Treasurer, was custodian of the bonds; that some of the bonds bore 5½% interest and were due and payable on various dates between June 15, 1945, and June 15, 1949; that the others bore 6% interest and were due and payable on various dates between January 15, 1944, and January 15, 1951; that none of the bonds was callable or redeemable before its due date; that Maricopa County had nevertheless called all the bonds for redemption; that Brush, as State Treasurer and custodian of the bonds, was threatening to surrender them for redemption; that such surrender would constitute a breach of a trust created by the Enabling Act;[7] and that appellant, as a citizen of the State, was entitled to bring an action to restrain such surrender. The

[1] See subdivisions (b) and (h) of Rule 12.

[2] See Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[3] Southern Pac. Co. v. McAdoo, 9 Cir., 82 F.2d 121; Electro Therapy Products Corp. v. Strong, 9 Cir., 84 F.2d 766; Gavica v. Donaugh, 9 Cir., 93 F.2d 173; Royalty Service Corp. v. Los Angeles, 9 Cir., 98 F.2d 551; Minnis v. Southern Pac. Co., 9 Cir., 98 F.2d 913; Alexander v. Westgate-Greenland Oil Co., 9 Cir., 111 F.2d 769; Cheyne v. Atchison, T. & S. F. R. Co., 9 Cir., 125 F.2d 49.

[4] Judicial Code, § 24(1) (a), 28 U.S.C.A. § 41(1) (a).

[5] See Arizona Code Annotated, 1939, § 11-1101.

[6] The Act of June 20, 1910, c. 310, 36 Stat. 557–579, under which the Territories of New Mexico and Arizona were admitted into the Union as States. Sections 1–18 of the Act (36 Stat. 557–568) relate to New Mexico. Sections 19–35 (36 Stat. 568–579) relate to Arizona.

[7] Section 28 of the Enabling Act declares that all lands granted to the State by the Act shall be held in trust by the State, to be disposed of only in the manner provided in the Act and for the several objects therein specified; that "the natural products and money proceeds of any of said lands shall be subject to the same trusts as the lands producing the same;" and that—

"Disposition of any of said lands, or of any money or thing of value directly or indirectly derived therefrom, for any object other than for which such particular lands, or the lands from which such money or thing of value shall have been derived, were granted or confirmed, or in any manner contrary to the provisions of this Act, shall be deemed a breach of trust. * * *

"A separate fund shall be established for each of the several objects for which the said grants are hereby made or confirmed, and whenever any moneys shall be in any manner derived from any of said land the same shall be deposited by the state treasurer in the fund corresponding to the grant under which the particular land producing such moneys was by this Act conveyed or confirmed. No moneys shall ever be taken from one fund for deposit in any other, or for any object other than that for which the land producing the same was granted or confirmed. The state treasurer shall keep all such moneys invested in safe, interest-bearing securities, which securities shall be approved by the governor and secretary of state of said proposed State, and shall at all times be under a good and sufficient bond or bonds con-

complaint prayed for a declaratory judgment—a judgment declaring that the bonds were not callable or redeemable before their due dates—and for such further relief as the court might deem proper.

 Thus the complaint showed that the matter in controversy was the claimed right of appellant, as a citizen of the State, to restrain the surrender of the bonds for redemption—a surrender which he claimed would constitute a breach of the above mentioned trust. That right did not arise under the Constitution or laws of the United States. Section 28 of the Enabling Act[8] empowers the Attorney General of the United States to prosecute, in the name of the United States and in its courts, such proceedings at law or in equity as may be necessary and appropriate to enforce the provisions of the Act relative to the application and disposition of the lands thereby granted, the products thereof and the funds derived therefrom; but it does not give appellant any power or right of any kind or character. The declaration in § 28 that "Nothing herein contained shall be taken as in limitation of the power of the State or of any citizen thereof to enforce the provisions of this Act" is not a grant of such power to any citizen of the State, but is merely a disclaimer of any intention to limit such power if and when it exists by State law.[9]

It is true, as appellant points out, that a determination of the questions which he attempted to raise in this acion would require a construction of the Enabling Act, but it does not follow, nor is it true, that the matter in controversy arose under the Act.[10]

 We conclude that the court had no jurisdiction over the subject matter of the action and should have dismissed it for want of jurisdiction. Instead, the court entered the following judgment: "It is ordered, adjudged and decreed, and the court does hereby order, adjudge and decree, that

defendants [appellees] have summary judgment in their favor against plaintiff [appellant] herein, together with the defendants' costs to be taxed by the clerk of this court."

Judgment reversed and case remanded with directions to enter judgment dismissing the action for want of jurisdiction.

---

ditioned for the faithful performance of his duties in regard thereto, as defined by this Act and the laws of the State not in conflict herewith. * * *

"It shall be the duty of the Attorney-General of the United States to prosecute, in the name of the United States and in its courts, such proceedings at law or in equity as may from time to time be necessary and appropriate to enforce the provisions hereof relative to the application and disposition of the said lands and the products thereof and the funds derived therefrom.

8 See footnote 7.

9 Asplund v. Hannett, 31 N.M. 641, 249 P. 1074, 58 A.L.R. 573; Downer v. Graham, 8 Cir., 21 F.2d 732.

10 Cf. Shulthis v. McDougal, 225 U.S. 561, 32 S.Ct. 704, 56 L.Ed. 1205.