### ERICKSON et al. v. PACIFIC GREYHOUND LINES et al.

No. 3215–O'C.

District Court, S. D. California, Central Division.

Sept. 19, 1944.

William J. F. Brown, of Los Angeles, Cal., for plaintiffs.

Bryce P. Gibbs, of Los Angeles, Cal., for defendant.

### J. F. T. O'CONNOR, District Judge.

The defendant, Pacific Greyhound Lines, a corporation, moved the court for judgment of dismissal against the plaintiffs and each of them, for the reason that the requisite diversity of citizenship between the plaintiffs and all parties defendant does not appear.

This action was filed on October 8, 1943, by Violet Erickson, a widow, and as guardian ad litem of her six minor children.

The complaint alleges:

"That Pacific Greyhound Lines is and at all times mentioned herein has been a corporation, duly organized and incorporated under and by virtue of the laws of the State of California, with its principal place of business in the City of San Francisco, State of California, and operates public carriers in the State of California and into and in other and adjacent states."

And:

"That the defendant Ben Edward Johnson was at all times herein mentioned an employee of the said Pacific Greyhound Lines, a corporation, and was at the time and place of the collision hereinafter referred to one of the drivers and operators of Pacific Greyhound Bus No. B. P. C. Z. 1060, which said bus was involved in said collision; and that defendant Ben Edward Johnson was at said time and place acting within the scope of his duties as such employee of defendant Pacific Greyhound Lines, a corporation."

That the defendant, Ben Edward Johnson, was employed on the date of the accident by the Pacific Greyhound Lines, a corporation, as a driver and operator of a Pacific Greyhound bus, and that at the time of the collision with the car driven by Clarence Erickson—

"* * * on said date and at the time and place aforesaid, defendants and each of them did so carelessly, negligently, wantonly and heedlessly drive and operate said Pacific Greyhound Bus No. BPCZ-1060, owned by said Pacific Greyhound Lines, a corporation, as to cause said bus to run into and collide with the said automobile driven by Clarence Erickson, deceased."

The injuries which resulted in the death of Clarence Erickson are then set forth, and the prayer for damages.

The Pacific Greyhound Lines, a corporation, answered for itself alone. The answer admitted that the Pacific Greyhound Lines was incorporated under the laws of the State of California with its principal place of business in the City of San Francisco, State of California, and admitted the employment of Ben Edward Johnson as a driver of one of its buses. Negligence was denied. The time and place of the accident was admitted. The answer also alleged unavoidable accident.

On December 2, 1943, the respective attorneys for the parties entered into a stipulation of facts. Only the stipulations pertaining to the question before the court will be mentioned. The stipulation of facts, after setting forth the names of plaintiff and each of her children with their ages, provided:

"That all of the said named plaintiffs were on May 22, 1943, citizens of the State of California, residing in the City of Riverside, Riverside County, State of California, and still do and have so resided for several years.

"That the defendant, Ben Edward Johnson, was at all the times mentioned in plaintiffs' complaint an employee of the defendant, Pacific Greyhound Lines, that he was the driver of bus No. B. P. C. Z. 1060; that said bus was owned and operated by said defendant, Pacific Greyhound Lines; that the said bus was involved in said alleged collision with a Ford car which was at the time of said alleged collision being driven and operated by Clarence Erickson, deceased, who was then the owner of the said 1935 Ford Sedan automobile bearing California 1943 State License No. 8N929569."

Also that defendant Ben Edward Johnson was acting within the scope of his duties and that "Ben E. Johnson's residence on May 22, 1943, was Marshall Court, Indio, Riverside County, State of California."

On October 15, 1943, the attorney for the plaintiffs filed his affidavit in support of oral motion to permit the constable of Indio Township, Riverside County, instead of the United States marshal, to serve the defendant, Ben Edward Johnson. In this affidavit plaintiffs' attorney said:

"That the defendant, Ben Edward Johnson resides outside of the County of Los Angeles, to wit, in Marshall Court, Indio Township, in the County of Riverside, California."

The court, on the same day, granted the motion, and permitted plaintiff to serve copy of the summons and complaint in the action upon the defendant, Ben Edward Johnson, as requested. No service has been made by plaintiffs on Ben Edward Johnson, although more than eleven months have passed since the order of the court.

The action has been set for pretrial hearing, but for one reason or another has been continued. The first pretrial hearing was set for November 17, 1943, and postponed to December 6, 1943, and the action was set for trial on May 9, 1944, at 10:00 o'clock A. M. and vacated at plaintiffs' request. Pretrial hearing was continued from December 6, 1943 for one week. On December 13, 1943, pretrial hearing was held.

On September 11, 1944, defendant made its motion to dismiss on the ground set forth in this opinion. Plaintiffs' attorney appeared and stated he had just returned to the city and did not have an opportunity to examine the motion or the cases cited, and requested a continuance of one week to September 18, 1944, which was granted.

The defendant's attorney on September 18, 1944, urged the court to grant its motion; the attorney for the plaintiffs did not appear, and the matter was taken under submission.

█ That the question of jurisdiction of the court may be raised at any time by the parties or by the court on its own motion, is too well established to require citation of authorities.

By section 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1), the District Courts of the United States are given jurisdiction over "all suits of a civil nature, at common law or in equity * * * where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States, or

treaties made, or which shall be made, under their authority, or (b) is between citizens of different States."

The present action is a civil suit at common law, and while the jurisdictional amount is present, the action does not arise under the Constitution, laws of the United States or any treaty; nor is it wholly between citizens of different states. All of the plaintiffs and the defendant, the Pacific Greyhound Lines, are residents and citizens of the State of California. While the record is clear that Ben Edward Johnson is a resident of the State of California, it does not affirmatively appear that he is a citizen of the State of California, although he has been treated as such and nothing to the contrary has appeared. A similar situation arose in Cheyne v. Atchison, T. & S. F. R. Co., 9 Cir., 125 F.2d 49. See footnote, page 50.

Judge Stephens of the 9th Circuit, speaking for the court in Jeffcott v. Donovan, 135 F.2d 213, 214, said:

"Diversity of citizenship as a basis for the jurisdiction of a cause in the District Court of the United States is not dependent upon the residence of any of the parties, but upon their citizenship. 28 U.S.C.A. § 41, Subdivision (1), Judicial Code, § 24, amended." And cases cited.

█ It appears, therefore, that all parties, both plaintiff and defendant, are residents and citizens of the State of California.

Our own Ninth Circuit discussed a similar question rather fully in Cheyne v. Atchison, T. & S. F. R. Co., 125 F.2d 49, and the holding in this case was affirmed in Southern Pacific Co. v. Haight, 126 F.2d 900. See also Shamrock Gas & Oil Corporation v. Sheets, 313 U.S. 100, 61 S.Ct. 868, 85 L.Ed. 1214; Hoyt v. Sears, Roebuck & Co., 9 Cir., 130 F.2d 636, 637; Pullman Co. v. Jenkins, 305 U.S. 534, 59 S.Ct. 347, 83 L.Ed. 334; Greif v. Sears, Roebuck & Co., D.C., 48 F.Supp. 242. For an interesting discussion on jurisdiction, see recent decision, 9th Circuit, In re Chaskin v. Thompson, Aug. 28, 1944, 143 F.2d 566.

█ The defendant, Pacific Greyhound Lines, a corporation, "moves the Court to dismiss the bill of complaint of the plaintiffs filed herein, and the defendant moves the Court for judgment in favor of the defendant herein, upon the grounds and for reasons as follows * * *" This is a

double-barreled motion. The first part is proper, but the second part is improper. Under Federal Rules of Civil Procedure, see Rules 12 (b, h) 56, 28 U.S.C.A. following section 723c.

The motion to dismiss the complaint for want of jurisdiction is granted. Jones v. Brush, 9 Cir., Sept. 11, 1944, 143 F.2d 733.