## ELECTRO THERAPY PRODUCTS CORPORATION, Limited, v. STRONG et al.

### No. 7692.

Circuit Court of Appeals, Ninth Circuit.

July 20, 1936.

Lyon & Lyon, Reginald E. Caughey, Bauer, MacDonald, Schultheis & Pettit, and Fred E. Pettit, Jr., all of Los Angeles, Cal., for appellant.

F. H. Bowers, of Los Angeles, Cal., for appellees.

Before WILBUR, DENMAN, and MATHEWS, Circuit Judges.

MATHEWS, Circuit Judge.

Appellant, a citizen of Delaware, filed its bill of complaint against appellees Strong, Bristow, Jackson, Brooks, and Stock, citizens of California, and appellee Ultra Violet Corporation, Ltd., a citizen of Nevada, alleging that, by written instruments dated December 26, 1929, appellees Strong and Bristow assigned to appellant all inventions theretofore or thereafter made by them relating to therapeutic apparatus or processes, and agreed to execute, at appellant's request, all papers necessary to assign and set over to appellant the title to said inventions and all letters patent granted or to be granted therefor and all applications for such letters patent.

The bill further alleges that said appellees made three inventions relating to therapeutic apparatus and processes, for which applications for letters patent were filed by them on January 25, 1930, March 17, 1930, and April 8, 1930, respectively; that appellant has requested said appellees to execute assignments to appellant of all their right, title, and interest in and to the inventions disclosed in and covered by said patent applications, but that said appellees have refused to do so, and have, instead, executed an instrument purporting to assign said inventions to a corporation organized by appellees Strong, Bristow, Jackson, Brooks, and Stock; and that said corporation has, in turn, executed an instrument purporting to grant to appellee Ultra Violet Corporation, Ltd., the exclusive right and license to manufacture, use, and sell the apparatus, and to use and practice the processes, disclosed in and covered by said ap-

plications. The bill prays specific performance of the alleged agreements, and that appellees be enjoined from assigning said inventions to any one other than appellant.

Appellees Strong, Bristow, Jackson, and Ultra Violet Corporation, Ltd., filed separate answers, setting up various defenses. Appellees Brooks and Stock did not answer. The District Court concluded, after hearing the case, that no relief should be granted and accordingly, entered a decree dismissing the bill. This appeal is from that decree.

■ The question arises whether the District Court had jurisdiction of this case. Though not raised by the parties, this question is necessarily before us and must be decided. Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338; Southern Pacific Co. v. McAdoo (C.C.A.9) 82 F.(2d) 121.

■ This is not a suit arising under the patent laws or any law of the United States. Marsh v. Nichols, Shepard & Co., 140 U.S. 344, 355, 11 S.Ct. 798, 35 L.Ed. 413. It is a suit of a civil nature, in equity, and is between citizens of different states, but was not within the jurisdiction of the District Court unless the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000. Judicial Code, § 24, as amended (28 U.S.C.A. § 41).

The bill alleges that the matter in controversy exceeds the sum or value of $3,-000, exclusive of interest and costs. The answers filed by appellees state that they have "no knowledge. or information as to the actual value of the matter here in controversy and will, at the time of trial, require strict proof" of appellant's allegation in reference thereto. Appellant made no such proof.

■ The matter in controversy is the right which appellant asserts and seeks to have protected and enforced, namely, the right to have the inventions above referred to assigned to appellant, and to no one else. The District Court's jurisdiction is to be tested by the value of that right. McNutt v. General Motors Acceptance Corp., 298 U.S. ——, 56 S.Ct. 780, 80 L.Ed. ——, decided May 18, 1936. That value depends, of course, on the value of the inventions. The precise nature of the inventions cannot be ascertained from the record. The evidence shows that they have not been patented. There is no proof that they are patentable, or that their value, if any, exceeds $3,000.

■ The burden of proving the jurisdictional facts rested on appellant. McNutt v. General Motors Acceptance Corp., supra. That burden was not sustained. The trial court's finding, that the matter in controversy exceeds the sum or value of $3,000, has no support in the evidence. The bill should have been dismissed, not on the merits, but for want of jurisdiction.

The decree is modified accordingly and, as modified, is affirmed.