ALEXANDER et al. v. WESTGATE–GREENLAND OIL CO. et al.

No. 9260.

Circuit Court of Appeals, Ninth Circuit.

May 11, 1940.

Rehearing Denied June 4, 1940.

W. I. Gilbert, W. I. Gilbert, Jr., and Jean Wunderlich, all of Los Angeles, Cal., and Charles Hill Johns, of Oklahoma City, Okl., for appellants.

Frank H. Terrell and James W. Taylor, both of Kansas City, Mo., and Howard W. Wright, of Los Angeles, Cal. (Spencer, Terrell & Britt, of Kansas City, Mo., and Chandler & Wright, of Los Angeles, Cal., of counsel), for appellee Westgate-Greenland Oil Co.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

Appellants, C. F. Alexander, Charles W. McArthur and Deane Gill (partners doing business under the fictitious name of Calton Oil Company), appeal from a final decree in favor of appellees, Westgate-Greenland Oil Company (hereafter called Westgate) and Wilshire Oil Company (hereafter called Wilshire), in a suit by appellants against appellees in the District Court of the United States for the Southern District of California.

Appellants claimed an interest in an oil and gas permit[1] issued to Westgate, in the oil produced from the lands covered by the permit, and in certain machinery and equipment acquired by Westgate. They alleged that oil so produced had been sold by Westgate to Wilshire, that Wilshire had paid Westgate therefor, and that Westgate had not accounted to appellants for their interest therein. They prayed for an accounting, for a decree establishing their interest in the permit, the oil, the machinery and equipment, and for an injunction restraining Wilshire from making further payments to Westgate for oil purchased as aforesaid. Appellees answered, the case was tried, findings of fact and conclusions of law were filed, and a final decree was entered in favor of appellees.[2] This appeal followed.

The question is whether the District Court had jurisdiction of the suit. Though

---

[1] Sometimes referred to as an oil and gas lease.

[2] The decree was that appellants take nothing by their suit; that Westgate was the sole owner of the permit; that appellants had no right, title or interest in or to the permit or the lands covered thereby and were forever barred from asserting any claim thereto; that Wilshire recover its costs of appellants; and that appellants and Westgate each pay their own costs.

not raised by the parties, the question is here and must be decided. Mitchell v. Maurer, 293 U.S. 237, 244, 55 S.Ct. 162, 79 L.Ed. 338; Southern Pacific Co. v. McAdoo, 9 Cir., 82 F.2d 121; Electro Therapy Products Corp. v. Strong, 9 Cir., 84 F.2d 766, 767; Gavica v. Donaugh, 9 Cir., 93 F.2d 173, 174; Royalty Service Corp. v. Los Angeles, 9 Cir., 98 F.2d 551, 553; Minnis v. Southern Pacific Co., 9 Cir., 98 F.2d 913, 915.

Jurisdiction of the suit is said to have been conferred by § 24(1) of the Judicial Code, 28 U.S.C.A. § 41(1), which provides that the district courts shall have original jurisdiction of "all suits of a civil nature, at common law or in equity, brought by the United States, or by any officer thereof authorized by law to sue, or between citizens of the same State claiming lands under grants from different States; or, where the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000, and (a) arises under the Constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or (b) is between citizens of different States, or (c) is between citizens of a State and foreign States, citizens, or subjects."

This was a suit of a civil nature in equity, but it was not brought by the United States or by any officer thereof and was not between citizens claiming lands under grants from different States. The matter in controversy did not arise under the Constitution or laws of the United States or under any treaty and was not between citizens and foreign States. Hence, the suit was not within the jurisdiction of the District Court unless the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000 and was between citizens of different States or between citizens of a State and foreign citizens or subjects.

It was incumbent on appellants to allege and prove these jurisdictional facts. McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 181–190, 56 S.Ct. 780, 80 L.Ed. 1135; KVOS, Inc., v. Associated Press, 299 U.S. 269, 277–280, 57 S.Ct. 197, 81 L.Ed. 183; Electro Therapy Products Corp. v. Strong, supra; Royalty Service Corp. v. Los Angeles, supra. This appellants did not do. They alleged that "the controversy herein involves a sum in excess of $3,000, exclusive of interest and costs,"[3] but they did not allege or prove that the matter in controversy was between citizens of different States or between citizens of a State and foreign citizens or subjects.

The matter in controversy was between appellants and appellees. Appellants alleged and appellees admitted that appellee Westgate was a Nevada corporation and, therefore, a citizen of Nevada, and that appellee Wilshire was a California corporation and, therefore, a citizen of California, but, as to appellants' citizenship, there was neither allegation nor proof.

Decree reversed and case remanded, with directions to dismiss the bill of complaint for want of jurisdiction.

---

[3] Whether the quoted allegation was the equivalent of an allegation that the matter in controversy exceeded, exclusive of interest and costs, the sum or value of $3,000, we need not and do not decide.