## CREAMERY PACKAGE MFG. CO. v. CHERRY–BURRELL CORPORATION et al.

### No. 7503.

Circuit Court of Appeals, Third Circuit.

Nov. 30, 1940.

Geo. W. Hansen, of Chicago, Ill. (Thiess, Olson & Mecklenburger and M. Hudson Rathburn, all of Chicago, Ill., and Busser & Harding, of Philadelphia, Pa., of counsel), for plaintiff-appellant.

Hugh M. Morris and Alexander L. Nichols, both of Wilmington, Del. (Clair W. Fairbank, of New York City, of counsel), for defendants-appellees.

Before BIGGS, MARIS, and GOODRICH, Circuit Judges.

MARIS, Circuit Judge.

This appeal is from an order of the District Court for the District of Delaware dismissing a complaint in an action brought by the plaintiff under the Federal Declaratory Judgment Act, Sec. 274d of the Judicial Code, 28 U.S.C.A. § 400. The defendants, the Girdler Corporation and the Cherry-Burrell Corporation, are the owner and sole licensee, respectively, of the Vogt reissue patent No. 21,406. The plaintiff manufactures and sells an ice cream freezer which the defendants claim infringes the Vogt reissue patent.

The plaintiff on March 27, 1940 filed a complaint in which it sought a declaratory judgment that its ice cream freezer did not infringe the Vogt reissue patent and that that patent was invalid. The defendants, on April 10, 1940, instituted an infringement action against the plaintiff in the District Court for the Northern District of Illinois. Thereafter, on April 13, 1940, the defendants moved to dismiss the complaint in the Delaware action on the ground that no controversy existed at the time the plaintiff's complaint was filed. Solely for the purpose of proving this point the defendants offered four letters in evidence, which we set out in full in a footnote.[1] The district court found that

---

[1] "March 20, 1940.
Creamery Package Mfg. Co.
Chicago,
Illinois

Gentlemen:
I am enclosing herewith two copies of Reissue patent, Re. 21,406, issued to The Girdler Corporation on March 19, 1940, to replace the Vogt Patent No. 1,783,864 which was involved in the suit against Abbotts Dairies, Inc. which was defended by you.

As the Court held that claims 3 and 5 of that patent would be infringed, if valid, but were too broad or indefinite to properly define over Meisenhelter, the patent has been reissued to limit the claims so as to clearly define over Meisenhelter. New claims 1, 2 and 3 which replace original claims 3 and 5 are believed to be clearly infringed by the CP freezer.

The purpose of this letter is to notify you of the grant of the Reissue patent and your infringement thereof, and to specifically notify you that unless infringement ceases, it will be necessary to take legal action.
Very truly yours,
(Signed) C. W. Fairbank.
CWF:ES
Enc.

"March 22, 1940
WLC-MM
Mr. George E. Wallis
Creamery Package Mfg. Company,
1243 W. Washington Boulevard
Chicago, Illinois
Dear Mr. Wallis:
In today's mail I have received copy of letter written to you, dated March 20th, by Mr. C. W. Fairbank, Attorney for The Girdler Corporation. This letter refers to Reissue Patent Re. 21,406.

I would like it very much if some way could be found to adjust our differences. Lawsuits are very expensive and very annoying.

It seems to me that it might be possible to work out some type of plan that would make our license with The Girdler Corporation nonexclusive, and provide for a license to your Company. If something of this kind could be done, it seems to me that there might be great advantages to all concerned.

If you are interested in this suggestion, I would be very glad, at the very earliest opportunity, to meet with you in the hope that some progress towards a solution of this problem can be quickly worked out.
Yours very truly,
(Signed) W. L. Cherry
President

an actual justiciable controversy did exist, but concluded from the letters that the filing of the complaint by the plaintiff was not consistent with equity and good conscience. It dismissed the complaint on that ground. The plaintiff thereupon took the present appeal.

The granting or refusal of declaratory relief under the Federal Declaratory Judgment Act is of course within the sound discretion of the court. That discretion, however, is a judicial discretion and is reviewable on appeal. United States Fidelity & Guaranty Co. v. Koch, 3 Cir., 102 F.2d 288; Maryland Casualty Co. v. Consumers Finance Service, 3 Cir., 101 F.2d 514. This task of review in the present case is simplified inasmuch as the record contains no disputed facts, but consists wholly of admitted facts established by the pleadings, affidavits and documentary evidence.

The district court interpreted the plaintiff's letters as though they contained a promise to forego any legal action unless and until it notified the defendants of an intention to start suit. Since the action for declaratory judgment was brought without notice to the defendants the district court concluded that the plaintiff came into court with unclean hands. The implications are that the plaintiff intended to gain an unconscionable tactical advantage, that it lulled the defendants into a false sense of security and that by reason of the innocent trustfulness of the defendants they were deprived of their right to bring an infringement action.

This interpretation of the correspondence entirely overlooks the true relationship of the parties, which was certainly not one of mutual trust and reliance. At every stage of their past contact with each other the parties had dealt at arms length and as open and bitter antagonists. In 1936 the plaintiff was manufacturing and selling the ice cream freezer now in suit. Abbotts Dairies was one of its customers. The defendants brought an action against Abbotts in the District Court for the Eastern District of Pennsylvania for alleged infringement of Vogt patent No. 1,783,864 of which they were owner and licensee, and of which the patent herein involved is a purported reissue. The plaintiff defended this action on behalf of its customer. The litigation was protracted and costly and resulted in judgment for Abbotts. The district court adjudged that the alleged invention of the Vogt patent was anticipated by the prior art and that the claims in suit were invalid. Its decree was affirmed by this court. Girdler Corporation v. Abbotts Dairies, D.C., 24 F.Supp. 551, affirmed per curiam 3 Cir., 106 F.2d 998. The mandate of this court issued January 11, 1940; the Girdler Corporation applied for reissue of the Vogt patent on January 17, 1940 and on February 20, 1940 disclaimed the claims previously invalidated; the application was granted March 19, 1940.

On March 20, 1940 the Girdler Corporation notified the plaintiff that it was infringing the Vogt reissue patent by manufacturing the identical ice cream freezer attacked in the previous suit and on the

"March 25, 1940

Dean, Fairbank & Hirsch,
420 Lexington Avenue
New York, N. Y.
Attention Mr. C. W. Fairbank,
Dear Sir:
  This will acknowledge your letter of March 20, relating to the reissue patent No. 21406, which I find awaiting my return to the office this morning.
  I also have a letter from Mr. W. L. Cherry, dated March 22, and which relates to the same subject matter.
  I will communicate further with Mr. Cherry within the next few days in response to the suggestions made in his letter concerning this matter.
    Yours very truly,
      The Creamery Package Mfg. Company
        (sgd.) G. E. Wallis
          President and General Manager
GEW:MLD

"Chicago, Illinois
          March 25, 1940
Mr. W. L. Cherry, President
Cherry-Burrell Corporation
427 West Randolph Street
Chicago, Illinois
Dear Mr. Cherry:
  I find your letter of March 22, and also Mr. Fairbank's letter of March 20 awaiting my return to the office this morning. This present development of the continuous ice cream freezer litigation is a surprise to me and naturally I wish to discuss it with our people. I will communicate further with you in the matter within the next few days.
    Yours very truly
      The Creamery Package Mfg. Company
        (sgd) G. E. Wallis
          President and General Manager
GEW:MLD"

same day the Cherry-Burrell Corporation hinted rather broadly as to the possibility of further costly litigation if a compromise were not effected. The plaintiff's two letters were in reply to these warnings. In view of the hard fought and almost continuous litigation, in which the writer and the recipients of the letters had been involved, it seems to us that the district court took a completely unrealistic view of these two letters.

Furthermore it is clear that, even if the defendants could have been misled by the tone of the plaintiff's replies, they have not been deprived of any rights. The same parties, the same issues, the same legal principles are involved in the Delaware declaratory judgment action as in the Illinois infringement suit. The defendants are not entitled as of right to an adjudication of the issues by the District Court of Illinois rather than the District Court of Delaware.

The defendants contend that the action of the district court in dismissing the complaint was proper in any event because no actual controversy existed at the time the complaint was filed. In Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, page 240, 57 S.Ct. 461, page 464, 108 A.L.R. 1000, Chief Justice Hughes, discussing what was meant by the word "controversy" as used in the Declaratory Judgment Act, said: "A 'controversy' in this sense must be one that is appropriate for judicial determination. * * * A justiciable controversy is thus distinguished from a difference or dispute of a hypothetical or abstract character; from one that is academic or moot. * * * The controversy must be definite and concrete, touching the legal relations of parties having adverse legal interests. * * * It must be a real and substantial controversy admitting of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts. * * *" See also the opinion of this court in Samuel Goldwyn, Inc. v. United Artists Corporation, 3 Cir., 113 F. 2d 703. In the present case when the owner of the reissue patent wrote the manufacturer of the ice cream freezer that it infringed the patent and warned of an infringement suit all the elements of a "controversy" essential to a declaratory judgment action as set forth in Aetna Life Ins. Co. v. Haworth, supra, were present.

We conclude that no valid ground has been shown for the exercise of the court's discretion in dismissing the complaint.

The order of the district court is reversed and the cause is remanded with directions to reinstate the action.