**CROWELL v. BAKER OIL TOOLS,**
Inc., et al.

No. 2455.

District Court, S. D. California,
Central Division.

March 26, 1943.

the patent laws of the United States, 28 U.S.C.A. § 41(7), in which declaratory relief is sought pursuant to 28 U.S.C.A. § 400.

On February 18, 1930 Letters Patent of the United States, No. 1,748,007, were granted and issued to the defendant, Reuben C. Baker, for guiding, floating and cementing device for well casings. Prior to said grant and issuance, the defendant, Reuben Baker, by an instrument in writing, duly assigned said invention and prospective Letters Patent (No. 1,748,007) to the defendant, Baker Oil Tools, Inc., on or about January 31, 1930. The defendant, Baker Oil Tools, Inc., since the assignment and at the present time, is the sole owner of said Letters Patent, No. 1,748,007. The plaintiff alleges in his complaint that he "has been for many years engaged in, among other things, inventing and designing special tools and apparatus pertaining or relating * * * to cementing oil wells, and is now engaged in manufacturing, with the intention of selling one form of grinding, floating and cementing devices for oil well casings like and similar to that described and illustrated in said Patent No. 1,748,007 * * *."

The devices so manufactured by the plaintiff are alleged to infringe upon the claims of the Letters Patent issued to the defendant, not in wanton disregard of any right validly secured by said patent, but on the contrary, because of an earnest belief on the part of the plaintiff upon advice of counsel, that the subject matter of each of the claims of said patent No. 1,748,007, are open to him as a member of the public freely to make, use and vend. The reasons allowing the plaintiff to freely make use of defendants' invention are not material to the issue herein. The plaintiff further alleges he was notified of the infringement of patent No. 1,748,007, by the defendant, by means of a civil action instituted in this court on or about March 26, 1936, entitled Baker Oil Tools, Inc. v. Crowell, in Equity, No. 878-Y. In that suit the Baker Oil Tools, Inc., applied for an injunction to restrain the defendant, Crowell, from infringing inter alia, Letters Patent No. 1,748,007. On or about January 30, 1939 on the motion of the Baker Oil Tools, Inc., that phase of the suit relating to Letters Patent No. 1,748,007, was dismissed without prejudice. Since the dismissal on January 30, 1939, no dispute concerning this patent has arisen until the present litigation.

Joseph F. Westall, of Los Angeles, Cal., for plaintiff.

Oscar A. Mellin, of Oakland, Cal., for defendants.

J. F. T. O'CONNOR, District Judge.

This is a motion for a summary judgment pursuant to Rule 56(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c. The action upon which this motion is predicated was commenced under

The complaint concludes by praying for a judgment declaring Letters Patent No. 1,748,007 and each of the claims thereof, invalid, and for an injunction enjoining the defendant, Baker Oil Tools, Inc., and its agents, etc., from representing to the public that said patent is valid.

The questions propounded for determination are:

1. Whether the plaintiff was duly notified by the defendant of the infringement.

2. Whether there is a justiciable controversy within the purview of section 400, Title 28, U.S.C.A.

Rule 56(c), Rules of Civil Procedure, provides: "* * * the judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Allen v. Radio Corporation of America, D.C., 47 F.Supp. 244.

■ The litigants appear to be in accord with the proposition that as a prerequisite to the right to maintain this action the plaintiff must have been "duly notified of the infringement." 35 U.S.C.A. § 49. However, the serious difficulty arises from their conflicting interpretation of the facts, viz.: the sufficiency of the prior infringement suit, (No. 878-Y, which was commenced in 1936 and dismissed in 1939) to constitute notice within the meaning of the statute.

It has been held "* * * that notice may be given otherwise than by the statutory method. The statutory method is merely supplemental—amounting to 'legal' notice, analogous to that of recordation statutes. The essential matter, where the statutory method is not used to supply the deficiency, is actual notice to the infringer that the product of the patentee is patented." Oil Well Improvements Co. v. Acme Foundry & Machine Co., 8 Cir., 31 F.2d 898, 901.

In Warner v. Tennessee Products Corporation, 6 Cir., 57 F.2d 642, 643, certiorari denied, 1932, 287 U.S. 632, 53 S.Ct. 83, 77 L.Ed. 548, the patentee had filed a complaint in 1924 against the defendant charging infringement of the same patent now in suit. "Such action was fully tried and submitted to the court, but before decision was rendered the parties agreed upon a consent decree adjudicating the patent valid and infringed, and adjusting the matter of profits and damages." Thereafter the patentee assigned the patent to the present complainant. In the present suit for infringement, the court said: "* * * the principal question for our determination * * * is * * * whether the process practiced at the later date (1929) was essentially and substantially the same as the process adjudicated an infringement in 1924." Following a discussion with reference to the substance of the patent infringement, the court declared: "Objection is also made by the defendant to that part of the decree * * * in decreeing an accounting as from January 1, 1929, in the absence of the notice provided by Rev.St. § 4900 (35 U.S.C.A. 49)." "* * * we are of the opinion that the first suit was sufficient notice of infringement * * *."

■ Assuming the prior action (No. 878-Y) constituted notice in the proper case, can the plaintiff in this action take advantage of the notice when the action of which it was a component part, has been extinguished by the statute of limitations?" 35 U.S.C.A. § 70 provides "* * * in any suit or action brought for the infringement of any patent there shall be no recovery of profits or damages for any infringement committed more than six years before the filing of the bill of complaint or the issuing of the writ in such suit or action." Judge Patterson, in Pollen v. Ford Instrument Co., 2 Cir., 108 F.2d 762, 763, stated: "The provision in the patent law that there shall be no recovery for infringements committed more than six years before suit is not a mere statute of limitation. It is a part of the statute which creates the liability and gives the right of action. It is a condition on the right, not on the remedy, and it is not subject to the disabilities or excuses by which ordinary statutes of limitation may be avoided by a plaintiff." There is no doubt of the patentee's inability to commence an action for infringement, under the facts, if the position of the parties were reversed. The action ceased to exist March 26, 1942; six years subsequent to the commencement of action 878-Y. Dismissal of the action without prejudice in 1939 merely placed the parties in statu quo as of March 26, 1936. Extinction of the factors in suit No. 878-Y which constituted notice of infringement to this plaintiff also extinguished the notice itself. In the absence of a renewed in-

fringement and notice thereof, this action cannot be maintained. In his deposition the plaintiff stated the following: "Q. You have not been threatened with suit on that patent by Baker Oil Tools, Inc., at any time subsequent to that, have you? A. No, there has been no occasion for that. I have stayed off of everything that would infringe that patent."

"(1) In cases of actual controversy * * * the courts of the United States shall have power upon petition * * * to declare rights and other legal relations * * *." 28 U.S.C.A. § 400.

█ Does the record present an actual controversy?

"The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Casualty Co. v. Pacific Coal & Oil Co. et al., 1940, 312 U.S. 270, at page 273, 61 S.Ct. 510, at page 512, 85 L.Ed. 826.

An examination of the plaintiff's deposition will disclose the absence of an actual controversy within the contemplation of the Declaratory Judgments Act.

██ While the plaintiff alleges he "is now engaged in manufacturing" the devices in question, his deposition does not support this averment. He testified, in addition to the excerpt indicated above, that he did not have any employees, no machinery with which to manufacture devices, and the only source of supply available was an "* * * understanding in connection with our licensing arrangement on the multiple stage, if we become in possession of the rights to make guiding, floating and cementing devices that we want to make we can draw on that stock. Q. That can be used, of course, for any other purpose? A. Oh, yes. We can make multiple stage devices out of it." A written contract for supplies was not existent, nor could an oral one be implied. A justiciable controversy has not been presented. "Assumed potential invasions" are not sufficient. State of Arizona v. California, 283 U.S. 423, 462, 51 S.Ct. 522, 528, 75 L.Ed. 1154; 1 C.J.S., Actions, § 18, subsec. 9, pp. 1030, 1031.

█ The contention of the plaintiff that this motion for a summary judgment is a repetition of the defendants' motion to dismiss is not tenable. 1 Federal Rules Service 12c.21, commentary; Palmer v. Palmer, D.C., 31 F.Supp. 861; Liquid Carbonic Corp. v. Goodyear Tire & Rubber Co., D.C., 38 F.Supp. 520. See cases in Federal Rules Service under rule 12c.

█ The motion for summary judgment is granted.

Costs of suit to be allowed the defendants.