## SWANK v. PATTERSON et al.
### No. 10443.

Circuit Court of Appeals, Ninth Circuit.
Nov. 18, 1943.
Rehearing Denied Jan. 3, 1944.

C. H. Richeson, of Phoenix, Ariz., for appellant.

T. E. Scarborough, of Phoenix, Ariz., for appellees.

Before WILBUR, MATHEWS, and STEPHENS, Circuit Judges.

MATHEWS, Circuit Judge.

In the District Court of the United States for the District of Arizona, appellant, W. S. Swank, brought an action against appellees, J. H. Patterson, E. J. Gotthelf, Charles S. Smith, Charles C. Bradbury and William G. Schultz, for damages in the sum of $100,000. Within the time prescribed for answering, appellees, by their attorney, Cecil A. Edwards, applied for and obtained an extension of such time. Within such extended time, Patterson, Gotthelf, Smith and Bradbury moved to dismiss the action. Appellant moved to set aside the order extending the time for answering, moved to enter appellees' default, moved for an order removing Edwards as appellees' attorney and twice amended the complaint. The court

granted the motion to dismiss and entered judgment dismissing the action. From that judgment this appeal is prosecuted.

Grounds of the motion to dismiss were (1) that the court had no jurisdiction over the subject matter of the action and (2) that the complaint did not state a claim upon which relief could be granted. The court's jurisdiction was invoked on the ground that the matter in controversy arose under the Constitution and laws of the United States.[1] To determine whether it did or did not so arise, we examine the second amended complaint,[2] hereafter called the complaint.

■ The gist of the complaint is that appellant applied for and was entitled to a license to practice medicine and surgery in Arizona, and that appellees wrongfully denied his application, to his damage in the sum of $100,000. The right to practice medicine and surgery in Arizona exists, if and when it exists at all, under and by virtue of the laws of Arizona.[3] No such right is granted or secured by the Constitution or laws of the United States.

■■ The complaint states that, by appellees' acts, appellant "has been denied the benefits and rights granted him under and by the * * * Fourteenth Amendment to the Constitution of the United States." This is merely a statement of a conclusion. The conclusion is erroneous, for the Fourteenth Amendment does not grant or secure any right to practice medicine or surgery in Arizona. Furthermore, rights secured by the Fourteenth Amendment are thereby secured against State action only.[4] Appellant complains, not of State action, but of the acts of individuals—appellees. The complaint does not state that appellees are, or ever were, officers, agents or employees of the State,[5] or that they are, or ever were, empowered to act for or on behalf of the State, or that they have at any time so acted.

■ The complaint states that appellees other than Bradbury are members of the American Medical Association, that that association sponsors and supports the Association of American Medical Colleges, and that both associations "act in violation of Section 2, Title 15 of the Laws of the United States," meaning, we suppose, that they violate § 2 of the Sherman Act, 15 U.S.C.A. § 2. The complaint, however, does not state that appellees have violated § 2, or that appellant has been injured in his business or property by reason of any such violation.[6]

■ The matter in controversy did not arise under the Constitution or laws of the United States. No other ground of jurisdiction was asserted.[7] We conclude that the court had no jurisdiction. Having reached this conclusion, we need not consider the second ground of the motion to dismiss nor any of the motions filed by appellant.

Judgment affirmed.

[1] Judicial Code, § 24(1) (a), 28 U.S.C.A. § 41(1) (a).

[2] The claim asserted in the second amended complaint arose out of the conduct, transactions and occurrences set forth or attempted to be set forth in the original complaint. Hence the second amended complaint relates back to the date of the original complaint. See Rule 15(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[3] Arizona Code Annotated, 1939, §§ 67-1101 to 67-1109.

[4] United States v. Cruikshank, 92 U.S. 542, 554, 23 L.Ed. 588; Commonwealth of Virginia v. Rives, 100 U.S. 313, 318, 25 L.Ed. 667; United States v. Harris, 106 U.S. 629, 637–639, 1 S.Ct. 601, 27 L.Ed. 290; Civil Rights Cases, 109 U.S. 3, 10–14, 3 S.Ct. 18, 27 L.Ed. 835; Barney v. New York, 193 U.S. 430, 437–439, 24 S.Ct. 502, 48 L.Ed. 737; Hodges v. United States, 203 U.S. 1, 14, 27 S.Ct. 6, 51 L.Ed. 65; Iowa-Des Moines National Bank v. Bennett, 284 U.S. 239, 245, 52 S.Ct. 133, 76 L.Ed. 265.

[5] The original complaint stated that appellees other than Patterson were members of the State Board of Medical Examiners (Arizona Code Annotated, 1939, §§ 67–1101, 67-1103, 67-1104, 67-1106, 67-1107, 67-1108), and that Patterson was the Board's secretary. The second amended complaint—the only complaint we are here concerned with—contains no such statement.

[6] See § 4 of the Clayton Act, 15 U.S.C.A. § 15, and § 24 (23) of the Judicial Code, 28 U.S.C.A. § 41(23).

[7] There was no attempt to show diversity of citizenship.