## STATE OF WASHINGTON et al. v. MARICOPA COUNTY et al.
### No. 10493.

Circuit Court of Appeals, Ninth Circuit.
June 30, 1944.

Smith Troy, Atty. Gen., of Washington, and John Spiller, Asst. Atty. Gen., of Washington, for appellant State of Washington.

Wood, Hoffman, King & Dawson and David M. Wood, both of New York City, and Gust, Rosenfeld, Divelbess, Robinette & Coolidge and J. L. Gust, all of Phoenix, Ariz., for appellant Equitable Life.

Joe Conway, Atty. Gen., of Washington, and Earl Anderson, Chief Asst. Atty. Gen., for appellees who are state officials.

James A. Walsh, Co. Atty., and Leslie C. Hardy, Sp. Counsel, both of Phoenix, Ariz., and George Herrington and Orrick, Dahlquist, Neff & Herrington, all of San Francisco, Cal., for appellees. Maricopa County and officials of Maricopa County.

Before WILBUR, MATHEWS, and HEALY, Circuit Judges.

MATHEWS, Circuit Judge.

In a civil action brought by appellants against appellees in the District Court of the United States for the District of Arizona, appellees moved for and obtained a summary judgment in their favor. From that judgment this appeal is prosecuted.

Summary judgments are provided for in Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, reading as follows:

"Rule 56. Summary Judgment * * *

"(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time specified for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. * * *

"(e) Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits."

In this case, a declaratory judgment was sought against appellees. No other claim was asserted against them. There was no prayer for damages, no counterclaim, no cross-claim. Appellees moved with two supporting affidavits for a summary judgment in their favor. Appellants served an opposing affidavit. There were no further affidavits nor any depositions. The pleadings were (1) appellants' amended complaint, hereafter called the complaint, and (2) appellees' amended answer thereto, hereafter called the answer. There were no admissions except those in the answer. The answer admitted some of the allegations of the complaint, denied others [1] and contained allegations which were deemed denied.[2] Some, at least, of the issues thus raised were genuine issues as to material facts.

Thus, instead of showing that there was no genuine issue as to any material fact, the pleadings showed that there were such issues. The affidavits showed nothing to the contrary. One of the supporting affidavits contained statements made on information and belief. These statements should have been disregarded. Each of the supporting affidavits contained statements of legal conclusions.[3] These, too, should have been disregarded. Numerous papers were referred to in each of the supporting affidavits. No sworn or certified copy of any such paper was attached to or served with either affidavit. Hence all references to such papers should have been disregarded. We conclude that the motion for a summary judgment was not well founded and should have been denied.

Judgment reversed and case remanded for further proceedings.

[1] The complaint contained 37 numbered paragraphs. The answer admitted the allegations of paragraphs 1–3, 6, 8–11, 13–16, 18–20, denied the allegations of paragraphs 7, 12, 17, 21, 27, 29, 34–37, admitted some and denied some of the allegations of paragraphs 4, 5, 26, 28, 30–33.

[2] See Rule 8(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

[3] One such conclusion was that there was "no genuine triable issue of material fact."