**CROWELL v. BAKER OIL TOOLS, Inc., et al.**

**No. 10510.**

Circuit Court of Appeals, Ninth Circuit.

June 30, 1944.

Concurring Opinion July 19, 1944.

Rehearing Denied Aug. 4, 1944.

Joseph F. Westall, of Los Angeles, Cal., for appellant.

Oscar A. Mellin, of Oakland, Cal., for appellee.

Before DENMAN, MATHEWS, and HEALY, Circuit Judges.

DENMAN, Circuit Judge.

This is an appeal from a summary judgment dismissing a suit for declaratory judgment determining the validity of Patent No. 1,748,007 for a guiding, floating and cementing device for well casings, now owned by appellee Baker Oil Tools, Inc. Appellees answered appellant's complaint and then took appellant's deposition under Rule 26 (a) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

After taking the deposition (basing their motion upon the pleadings on file in the case and the admissions and statements of the appellant in his deposition), appellees filed their motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure, on the ground that the district court had no jurisdiction, in that there was no real and substantial controversy between the parties and that no justiciable issue was presented for determination. An affidavit in support of the motion and one against it were filed. The motion was granted and this appeal followed.

The determining question here is, Is this a case "of actual controversy" between the parties as that phrase is used in the declaratory relief statute? 28 U.S.C. § 400, 28 U.S.C.A. § 400.

The facts appear in uncontradicted allegations of the complaint and the deposition of appellant and the affidavits. Appellant had infringed the claims of the patent and on March 28, 1936, appellee Baker Oil Tools, Inc., instituted, by filing its verified complaint in the court below, a suit against appellant charging him with infringement of Letters Patent No. 1,748,007 (among other Letters Patent). Later, in January, 1939, after appellant had gone to the expense of preparing defenses to that suit, and after appellant had set up in defense of that suit the circumstances relied upon as showing invalidity of Letters Patent No. 1,748,007, on motion of Baker Oil Tools, Inc., the suit was dismissed, so far as patent No. 1,748,007 was involved, without prejudice.

It also appears that appellee Baker Oil Tools, Inc., brought two suits for infringement against others; one in 1936 and another in 1938. Neither proceeded to a decision on the merits but were compromised and dismissed.

Commenting on similar conduct, the Third Circuit, in Treemond Co. v. Scher-

ing Corp., 122 F.2d 702, 703, in determining the relation of the Declaratory Judgment Act to patent litigation, said

"Before the passage of that Act patentees received greater protection from the law than was warranted by their patent monopoly. Competitors desiring to introduce an article somewhat similar to one already patented met with much difficulty. The patentee could, without bringing suit, publicly claim an infringement and threaten to sue the manufacturer or anyone who dealt with the product in issue. Unless the patentee's actions were of such a character that he might be shackled with the sanctions of the law of unfair competition, he had his alleged infringer at his mercy. Although the competitor's business was gravely injured, he was remediless and in order to survive, he might be forced to make a settlement with a patentee whose claim of infringement was absolutely unfounded. Prior to the New Federal Rules of Civil Procedure, the patentee might even bolster his charges by bringing an action for infringement and publicly advertising the fact to the trade. Then after postponing trial as long as possible, he could move for a dismissal without prejudice and repeat the process."

Insofar as a claim of infringement by the patentee may be necessary to make an actual controversy, we hold that there was such a claim at least up to the dismissal without prejudice of the suit against appellant on January 20, 1939, less than four years before the filing of the complaint in the instant suit. However, appellant well may assume that he is in jeopardy of an injunction and a controversy exist over that right of appellee corporation without any notice from it.

■ We agree with the statement of the opinion in the Treemond case that "Notice to infringers that a patent exists is not a condition precedent to a subsequent action to obtain an injunction in an infringement action."

Prior to commencing the instant suit, appellant had made several devices infringing the appellee's patent if valid; he intends to make more; has proceeded to have available a large stock of piping necessary for their manufacture, owned by a friendly company with which appellant has other dealings and has an understanding that "if we become in possession of the rights to make guiding, floating and cementing devices that we want to make, we can draw on that stock."

The district court did not regard these facts as sufficient to warrant commencement of the declaratory judgment proceeding. It mentioned none of them, but, instead, found

"That plaintiff Erd V. Crowell is not a manufacturer, has no manufacturing facilities, does not have any employees, and does not have any machinery with which to manufacture the device which plaintiff alleges infringes patent No. 1,748,007 in suit, and which he desires to manufacture and sell.

That plaintiff is not engaged in manufacturing the device which he alleges he desires to manufacture and sell and which he alleges infringes patent No. 1,748,007 in suit.

That plaintiff has no written or oral contract for supplies for manufacturing the devices which plaintiff alleges he desires to manufacture and sell and which he alleges infringes patent No. 1,748,007."

■ It is obvious that one may infringe a patent if he employ an agent for that purpose or have the offending articles manufactured for him by an independent contractor. We do not agree that it is necessary that appellant himself be a manufacturer of the alleged infringing devices or that he have machinery or manufacturing facilities or employees to make them or a written or an oral contract for supplies for such manufacture.

■ Appellant's making of the several infringing devices and his intent to cause the production of more, evidenced by his understanding with a friendly company to supply him with the necessary material, are sufficient to invoke the right to sue the patent owner under the Declaratory Judgment Act. The purposes of that act are best served if a four-time infringer or a one-time infringer intending to challenge the validity of the patent, does not commit the economic waste of building or engaging another to build a plant to manufacture the alleged patented device before having determined the validity of the patent.

The district court should entertain appellant's challenge of appellees' patent.

The judgment is reversed.

MATHEWS, Circuit Judge (concurring in the result).

Appellant, Erd V. Crowell, brought an action against appellees, Baker Oil Tools, Inc. (a corporation), Reuben C. Baker and T. Sutter, in the District Court of the United States for the Southern District of California. After answering the complaint, appellees moved for and obtained a summary judgment dismissing the action.[1] From that judgment this appeal is prosecuted.

The question first to be considered is whether the District Court had jurisdiction over the subject matter of the action. Appellees attempted to raise the question by their motion for a summary judgment. That was not a proper way to raise it;[2] but, whether properly raised or not, the question is here and must be decided.[3]

The District Court's jurisdiction was invoked on the ground that the action arose under the patent laws.[4] To determine whether it did or did not so arise, I examine the complaint.[5]

From the complaint it appears that, at the time of its filing, there was an actual controversy between appellant and appellees, in that the corporation owned a patent (No. 1,748,007) for a guiding, floating and cementing device for well casings; that appellant was engaged in manufacturing for sale a device similar to the patented device; that the corporation had notified appellant that he was infringing the patent and had brought a suit against him for the claimed infringement; that the infringement suit had been dismissed, without prejudice, on the corporation's motion, but that Baker and Sutter, as officers and agents of the corporation, had continued to claim and were still claiming that the patent was valid; and that appellant claimed that it was invalid for lack of novelty and lack of invention.

The complaint prayed for a declaratory judgment[6] (a judgment declaring the patent invalid) and a permanent injunction restraining appellees from asserting the validity of the patent and from threatening to sue appellant or its customers for infringement thereof and prayed for costs and such other relief as to the court might seem meet.

Thus it clearly appears that the action arose under the patent laws,[7] and that the District Court had jurisdiction over the subject matter thereof.[8]

The question next to be considered is whether the motion for a summary judgment was well founded. Summary judgments are provided for in Rule 56 of the Federal Rules of Civil Procedure, 28 U.S.C.A. following § 723c, reading as follows:

"Rule 56. Summary Judgment * * *

"(b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.

"(c) Motion and Proceedings Thereon. The motion shall be served at least 10 days before the time specified for the hearing. The adverse party prior to the day of hear-

---

[1] Crowell v. Baker Oil Tools, Inc., D.C., 49 F.Supp. 552.

[2] Jones v. Brush, 9 Cir., 143 F.2d 733.

[3] Southern Pac. Co. v. McAdoo, 9 Cir., 82 F.2d 121; Electro Therapy Products Co. v. Strong, 9 Cir., 84 F.2d 766; Gavica v. Donaugh, 9 Cir., 93 F.2d 173; Royalty Service Corp. v. Los Angeles, 9 Cir., 98 F.2d 551; Minnis v. Southern Pac. Co., 9 Cir., 98 F.2d 913; Alexander v. Westgate-Greenland Oil Co., 9 Cir., 111 F.2d 769; Cheyne v. Atchison, T. & S. F. Ry. Co., 9 Cir., 125 F.2d 49; Jones v. Brush, supra.

[4] See Judicial Code, § 24(7), 28 U.S.C.A. § 41(7).

[5] Swank v. Patterson, 9 Cir., 139 F.2d 145; Jones v. Brush, supra.

[6] See Judicial Code, § 274d, 28 U.S.C.A. § 400.

[7] Cf. E. Edelmann & Co. v. Triple-A Specialty Co., 7 Cir., 88 F.2d 852; Milwaukee Gas Specialty Co. v. Mercoid Corp., 7 Cir., 104 F.2d 589; Chicago Metallic Mfg. Co. v. Edward Katzinger Co., 7 Cir., 123 F.2d 518; Grip Nut Co. v. Sharp, 7 Cir., 124 F.2d 814. See, also, E. W. Bliss Co. v. Cold Metal Process Co., 6 Cir., 102 F.2d 105; Leach v. Ross Heater & Mfg. Co., 2 Cir., 104 F.2d 88; United States Galvanizing & Plating Equipment Corp. v. Hanson-Van Winkle-Munning Co., 4 Cir., 104 F.2d 856; Caterpillar Tractor Co. v. International Harvester Co., 9 Cir., 106 F.2d 769; Lances v. Letz, 2 Cir., 115 F.2d 916; Creamery Package Mfg. Co. v. Cherry-Burrell Corp., 3 Cir., 115 F.2d 980; Treemond Co. v. Schering Corp., 3 Cir., 122 F.2d 702; Alfred Hofmann, Inc., v. Knitting Machines Corp., 3 Cir., 123 F.2d 458; Dewey & Almy Chemical Co. v. American Anode, 3 Cir., 137 F.2d 68.

[8] See cases cited in footnote 7.

ing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that, except as to the amount of damages, there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

\*       \*       .\*       \*       \*

"(e) Form of Affidavits; Further Testimony. Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions or by further affidavits."

In this case, a declaratory judgment was sought against appellees. There was no prayer for damages, no counterclaim, no cross-claim. Appellees moved with a supporting affidavit for a summary judgment in their favor. Appellant served an opposing affidavit made by himself. The supporting affidavit was supplemented by a deposition of appellant taken by appellees. There were no further depositions or affidavits. The pleadings were (1) the complaint and (2) the answer. There were no admissions except those in the answer, the opposing affidavit and the deposition. The answer admitted some of the allegations of the complaint, denied others [9] and contained allegations which were deemed denied.[10] Some, at least, of the issues thus raised were genuine issues as to material facts.

Thus, instead of showing that there was no genuine issue as to any material fact, the pleadings showed that there were such issues. The deposition and affidavits showed nothing to the contrary. I conclude that the motion for a summary judgment was not well founded [11] and should have been denied.

The judgment should be reversed, and the case should be remanded for further proceedings.

---

[9] The complaint contained 14 numbered paragraphs. The answer admitted the allegations of paragraphs 1, 3, 6 and 7, denied the allegations of paragraphs 2, 4, 8, 9, 10, 11, 12, 13 and 14, admitted some and denied some of the allegations of paragraph 5.

[10] See Rule 8(d) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following § 723c.

[11] Cf. State of Washington v. Maricopa County, 9 Cir., 143 F.2d 871.