**WALKER et al. v. WALKER et al.**

No. 27696–G.

United States District Court
N. D. California, S. D.

Sept. 22, 1949.

Hugh N. Orr, James M. Naylor, Naylor & Lassagne, San Francisco, Cal., attorneys for plaintiffs.

Max W. Zabel, Edward U. Dithmar, Chicago, Ill., A. Donham Owen, San Francisco, Cal., attorneys for defendants.

GOODMAN, District Judge.

This is a suit, under the Federal Declaratory Judgment Act, 28 U.S.C.A. § 400, 48 Stat. 955, as amended 49 Stat. 1027 (now 28 U.S.C.A. §§ 2201, 2202),[1] for a judgment declaring the single claim of defendant Walker's patent No. 2,200,349 to be invalid. As well as defending the validity of the Walker patent, defendants also contend that plaintiffs are not entitled to declaratory relief because of the absence of a justiciable controversy. Since the existence of a justiciable controversy is essential to the maintenance of an action under 28 U.S.C.A. § 400, 28 U.S.C.A. §§ 2201, 2202, this issue must be given primary

1. The phraseology of the Declaratory Judgment Act was revised in the new Judicial Code which became effective on September 1, 1948, after this action was filed.

consideration. Principles of equity will shape the decision to be made.

The evidence at the trial disclosed the following:

Defendants are in the business of licensing the manufacture of the type of venetian blind claimed in the Walker patent. Plaintiffs license others "to make and sell venetian blinds embodying" certain alleged inventions for which plaintiffs have filed patent applications. Neither plaintiffs nor defendants engage in manufacturing.

The patented feature of the Walker blind construction is the relative position of cords, slats, and tapes which, in combination, permit each slat to be individually removed from the blind without disturbing the rest of the structure.

Plaintiffs have not definitely disclosed the scope of the claims asserted in their patent applications. The applications themselves are not before the Court. However, the evidence does indicate that the invention claimed relates to a device for fastening removable slats to the cross tapes on which they rest. The Walker patent does not purport to cover any method of affixing the slats to the cross tapes. Thus the inventions respectively claimed by the parties in no way conflict. The plaintiffs' license agreements plainly state that they grant the right to make venetian blinds embodying the invention claimed in the patent applications. This claimed invention—the fastening device—could be used in virtually any type of blind structure, although it would be of little value unless the structure was such as to permit the slats to be removed. However, the plaintiffs furnished their licensees with specifications describing a blind identical in all important aspects with the Walker blind. It is a fair inference that the licensees were lead to believe that the license agreements authorized the manufacture of the blind structure described in the specifications. Consequently they, the licensees, incorporated the plaintiffs' fas-

teners in blinds constructed according to these specifications.

Beginning in 1946, the defendants, through advertisements in trade journals and by written and oral communications to certain manufacturers (plaintiffs' licensees), served notice they would seek legal redress from any manufacturers who incorporated snap fasteners in the defendants' blind structure. As a result of this notice numerous licensees of the plaintiffs cancelled their licenses.[2]

■ Even the most liberal construction of 28 U.S.C.A. § 400, 28 U.S.C.A. §§ 2201, 2202, will not warrant the conclusion that the activities of plaintiffs amounted to such contributory infringement of the Walker patent, as to create a justiciable controversy. True, the more recent cases liberally interpret the Declaratory Judgment Act, in principle, to permit past infringers or those who merely indicate an intention to infringe to seek declaratory relief once they have been directly or indirectly threatened with legal interference by the patentee. These decisions, however, are in implementation of the wise purpose of the Act—to eliminate the uncertainty which throws manufacturing and sales facilities into idleness needlessly. See Crowell v. Baker Oil Tools, Inc., 9 Cir., 1944, 143 F.2d 1003; Treemond Co. v. Schering Corporation, 3 Cir., 1941, 122 F.2d 702; U.S. Industrial Chemicals, Inc. v. Carbide & Carbon Chemical Corp., D.C. S.D.N.Y.1946, 67 F.Supp. 895; General Electric Co. v. Refrigeration Patents Corporation, D.C.W.D.N.Y.1946, 65 F.Supp. 75. A declaratory judgment in this case, if the Court were to find the Walker patent invalid, would serve only to promote the questionable practices in which the plaintiffs engaged in the past. If the defendants' structure is in the public domain, so, of course, is the structure described in the specifications which the plaintiffs furnished their licensees. Plaintiffs could not legitimately continue to induce licensees

---

2. It is ironic that many of the licensees need not have cancelled, had they been aware that the licenses actually only covered the fasteners. Indeed they could have obtained licenses from the defendants, as some ultimately did, or adopted some other structure in which to use the fasteners.

to pay them royalties for permission to make a structure judicially declared to be open to all. They could continue to license the use of their fasteners, but this they can do now regardless of the validity of the Walker patent. Thus, in so far as the plaintiffs' legitimate activities are concerned, a declaratory judgment would be academic. Hence there is no justiciable controversy.

The cause must be, and is, dismissed upon that ground. Prepare Findings pursuant to the Rules.