FLAKICE CORPORATION, a corporation, and York Corporation, a corporation, Plaintiffs,

v.

LIQUID FREEZE CORPORATION, a corporation, Defendant.

No. 31060.

United States District Court
N. D. California, S. D.

May 19, 1955.

**600**

Naylor & Lassagne, Jas. M. Naylor, San Francisco, Cal., Daniel L. Morris, Harold L. Stults, Curtis, Morris & Safford, New York City, for plaintiffs.

Richard W. Seed, Seattle, Wash., Tinning & Delap, Richmond, Cal., Mellin, Hanscom & Hursh, Oscar A. Mellin, Leroy Hanscom, Jack E. Hursh, San Francisco, Cal., for defendant.

EDWARD P. MURPHY, District Judge.

I have heretofore decided the issues raised by the complaint and answer but at that time postponed consideration of the counterclaim pending further argument.

My prior opinion, D.C., 130 F.Supp. 471, disposed of the questions of validity and infringement of certain of the claims of the Short patent (No. 2,310,-468, dated February 9, 1943) and certain of the claims of the Raver patent (No. 2,308,541, dated January 19, 1943). The counterclaim asserting jurisdiction under the Declaratory Judgment Act, 28 U.S.C.A. §§ 2201, 2202, asks that I declare the remainder of the claims in both patents invalid and non-infringed.

*Jurisdiction*

The defendant in support of jurisdiction under the Declaratory Judgment Act alleged that plaintiffs had threatened customers and that the plaintiffs had held out to the trade that defendant's machine infringed. These allegations were not proven and defendant's counsel in his opening statement said that they would not be.

 It is fundamental that there must be a justiciable controversy as to the subject matter of the counterclaim before

this Court has jurisdiction under the Declaratory Judgment Act. Altvater v. Freeman, 1943, 319 U.S. 359, 63 S.Ct. 1115, 87 L.Ed. 1450; Crowell v. Baker Oil Tools, 9 Cir., 1944, 143 F.2d 1003.

"The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy. Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interest, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. * * *" Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826.

Plaintiffs contend that an actual controversy exists only as to those patent claims which they have alleged as infringed in their complaint, including those asserted when they amended the complaint during the trial. They gave no notice of infringement prior to suit and have not asserted that the other patent claims are infringed.

The plaintiffs' position is a narrow and technical one. More is involved between these parties than the particular patent claims the plaintiffs assert are infringed. The plaintiffs are the owners and licensees of two small ice making patents. The licensee manufactures and sells small ice making machines. The defendant manufactures and sells a small ice making machine under license of a different patent. These machines compete in the market place.

 The plaintiffs have asserted that the defendant is not entitled to manufacture and sell its machines and asks that it be enjoined from that practice. Although the plaintiffs have limited their precise complaint to particular claims of their patents, the actual controversy between them involves the accused ma-

chine. There is a substantial controversy between them as to whether the defendant is entitled under the patent laws of the United States to manufacture and sell these machines. In substance, there is an actual controversy regarding the right of the defendant to manufacture and sell the accused machine in relation to the Short and Raver patents as a whole.

*Short*

I went to some lengths to explain my position on infringement of Short. I will not reiterate the principle of equivalence.

The defendant asserts that the accused machine does not infringe the remainder of the claims for basically the same reasons they asserted with regard to the claims alleged to be infringed in the complaint:

(a) The accused machine does not have "radially moveable blades" or "means to move said wedging means toward and away from the freezing surface"—(claims 1, 2, 11, 12, 13, 14, 17). I have already held that the tangential placing of the wedge blades with relation to the surface of the freezing cylinder, wedge into the ice sheet when the blades are rotated in the same manner as had they been forced in by the toggle arrangement of Short. (Opinion 130 F.Supp. 491). The accused machine employs the equivalent of this Short claim.

(b) The accused machine does not employ a succession of penetrations—(claims 4, 5, 7, 8, 15). This has been resolved against them. (Opinion 130 F. Supp. 491, 492).

(c) The accused machine does not wedge along successive lines from the edge of the frozen liquid—(claims 4, 5, 7, 8). I will not repeat the discussion of the equivalence of multiple blades. (Opinion 130 F.Supp. 493–495).

(d) The accused device does not apply the wedging force along a line parallel to the edge of the ice sheet—(claims 3, 4, 5, 7). I will repeat that there is an edge of the ice sheet and a border portion at the top and bottom of the sheet as well as at the blading edge. (Opinion 130 F.Supp. 493, 494).

Additionally, the defendant contends that the accused machine does not use a "serrated blade"—(claims 12, 13, 14). The serrated blade has no function in the invention. A straight non-serrated blade if used in the same manner is an equivalent.

Claim 2 recites an "ice removing mechanism associated with said surface, said mechanism including a blade extending longitudinally of said cylinder, means for reciprocating said blade toward and from said cylinder * * *."

I have heretofore held that as to those claims which did not specifically set forth a blade longitudinal to the freezing cylinder and which were not restricted to freezing on an upright cylinder, the operation of the accused machine was an equivalent. Here, however, the claim is so limited. The accused device does not infringe claim 2.

*Validity*

The defendant contends that to be consistent with my prior findings I must declare claims 2, 3 and 8 invalid. Extended discussion regarding claims 3 and 8 is not necessary. Both claim beyond the invention. They encompass any method of producing the forces which result in ice removal in the Short invention. They are not restricted to the use of the Short wedge. They are invalid.

Since claim 2 is not infringed, should I determine its validity? I cannot find it to be valid. That question is moot. Electrical Fittings Corp. v. Thomas & Betts Co., 307 U.S. 241, 59 S.Ct. 860, 83 L.Ed. 1263.

This brings into play the so-called "better practice". I view this as discretionary. Kemart Corp. v. Printing Arts Research Laboratories, 9 Cir., 1953, 201 F.2d 624.

Here claim 2 is not the invention. It recites "cutting ice pieces from the said layer". This is not the operative part of the Short invention and clearly so. I will exercise my discretion and declare this claim invalid.

■ The defendant is entitled to judgment on the counterclaim declaring claims 2, 3 and 8 of the Short patent invalid and claim 2 not infringed.

*Raver*

Before considering the remainder of the Raver claims, there is one matter relating to my prior opinion which I wish to make clear.

With regard to claims 1, 2, 3 and 14, I discussed the validity of those claims despite the fact that I held they did not infringe. I do not desire to make findings of validity. My discussion was directed to determining whether Raver was patently distinguishable from the prior art. If it were not, the exercise of my discretion under the "better practice" would strongly point to a declaration of invalidity. Practically, the trial Judge is faced with this dilemma. He cannot declare that only certain of the claims are invalid as distinguished from finding the total patent invalid, without explaining where the distinction lies—that is, what the invention is. Yet he cannot find a non-infringed claim valid. I have resolved this dilemma in my own mind by discussing validity in my memorandum opinion, but will not make findings of validity.

*Infringement of the Remainder of the Claims*

I have heretofore held that Raver claims, when they recite progressively moving a wedging force effective at a single point across the ice sheet, in context means the helical removal mechanism.

Claims 22, 23, 24 and 25 recite this step and are not infringed.

Claims 4, 5, 16 and 18 specifically recite the use of the helical wedge cutter. The accused machine does not use this and does not infringe.

I held that these claims which recite in essence the step of regulating the temperature of the congealed liquid to temper it which is accomplished in Raver by spraying the ice sheet with relatively warm water, were not infringed by the accused machine. Claims 11, 19 and 20 are of this type.

Claims 6, 7 and 8 are machine claims limited to "a tank to hold water to be frozen, a cylinder rotatably mounted in said tank and positioned to be partially emerged in the water and with its axis extending horizontally" and includes the tempering step.

The accused machine does not infringe these claims.

Claims 15 and 17 are machine claims which do not include the accused machine.

I reiterate what I said in my prior opinion. Raver and the accused machine both apply the wedging principle embodying the Short patent but improve its application. I will add that they improve the application of the principle in different fashions.

*Validity*

■ I am asked by the defendant to apply the "better practice" and declare claims 6, 7, 8, 11, 15, 17, 19, 20, 22, 23, 24 and 25 invalid. At the threshold let me say that no evidence specifically relating to those claims was introduced.

I considered the validity of the prior claims based on the use of the helical cutter. This was the only part of the Raver claim to which the evidence related. I discussed the Raver invention in those terms. It does not follow that with regard to other claims there is nothing else in the claims which would be invention.

In this posture, I am of the opinion that I should exercise my discretion to declare invalid those claims which do not go beyond the Short patent or are the Short patent with the added tempering step.

■ Claims 11, 19 and 20 are of this type. Claim 7 as it differs from Short, is covered by the prior art.

I cannot say that the combinations contained in claims 22, 23, 24 and 25 are clearly invalid when the presumption of validity is weighed against the lack of evidence to show their invalidity even though they do not recite wedging.

Based on the limited evidence before me, claims 8, 15 and 17 are not clearly invalid. They appear to incorporate the operation of the helical wedge. I have no idea of the effect of the composition of the alloy making up the freezing cylinder in claim 6. I cannot say it is clearly invalid.

The defendant is entitled to judgment on the counterclaim declaring claims 4, 5, 6, 7, 8, 11, 15, 16, 17, 18, 19, 20, 22, 23, 24 and 25 of the Raver patent non-infringed and claims 7, 11, 19 and 20, invalid. This together with the disposition of the Short claims is all that I will determine. In all other respects defendant is denied relief on the counterclaim.

Let findings of fact and conclusions of law be prepared in accordance with the local rule.